STANBROUGH *v.* COOK *et al.*

(*Circuit Court, N. D. Iowa, E. D.*   April 20, 1889.)

1. REMOVAL OF CAUSES—RIGHT OF REMOVAL.
   In cases coming within the removal act of 1887, § 2. cl. 3, providing that suits "which include a controversy which is wholly between citizens of different states, and which can be fully determined as between them, are removable by either one or more of the defendants actually interested," the right of removal is given to defendants interested in the controversy, irrespective of their residence or citizenship.

2. SAME—SEPARABLE CONTROVERSY.
   Plaintiff, a citizen of New York, brought his action in Iowa for the recovery of the immediate possession of certain realty and damages for injury to buildings and for conversion of crops. Citizens of Iowa and of Vermont were made defendants. It was not averred that they claimed title jointly or under a common source, or had committed the injuries jointly, but the petition was drawn under the Iowa statutes for settling all adverse claims of title on the part of any and all the defendants. An amended petition set out that certain of the Iowa defendants had executed a lease in their own right to the other Iowa defendant, and that he held possession under this lease. *Held,* that there was a separable controversy between the plaintiff and the Iowa defendants, which was removable on the application of the alleged lessee.

On Motion to Remand.
*Calvin Yoran* and *Powers & Lacy,* for plaintiff.
*Henderson, Hurd, Daniels & Kiesel,* for defendants.

SHIRAS, J.   At the March term, 1889, of the district court of Delaware county, Iowa, a petition was filed by the plaintiff, R. M. Stanbrough, in which he claimed to be entitled to the immediate possession of certain real estate situated in Delaware county, as the owner thereof in fee-simple; that Edward Cook was in possession thereof as a tenant; that he had converted to his own use growing crops on the property, and had damaged the buildings; that for the use of the property and the damages named the defendant Cook was indebted to plaintiff in the sum of $1,000; that the said Cook has been in the occupancy of the premises since the 15th day of September, 1888, claiming to hold the same as tenant of one or more of his co-defendants. The parties other than Cook named as defendants are Susan Daniels, Lucy Daniels, and the firm of Henderson, Hurd, Daniels & Kiesel. The prayer is for a judgment awarding the immediate possession of the realty to the plaintiff and for $1,000 damages against the defendant Cook, the same to be binding upon such of the co-defendants as are alleged by said Cook or by their own pleadings to be the landlord of said Cook. Under the provisions of the Code of Iowa, the petition is in form sufficient to enable the plaintiff to establish, if the facts justify it, the validity of his title against all the defendants, to obtain an order and writ to put him into the immediate possession of the premises, and to a judgment for damages against the defendant Cook. When the action was brought, and at all times since then, the plaintiff was a citizen of the state of New York, the defendants

Cook and Henderson, Hurd, Daniels & Kiesel were and are citizens of Iowa, and the defendants Susan and Lucy Daniels were and are citizens of Vermont. The realty consists of about 234 acres of land and the improvements thereon, of a value exceeding $2,000. At the March term of the state court the defendant Edward Cook filed a petition and bond asking a removal of the cause into this court. A transcript of the record having been filed, the plaintiff now moves for an order remanding the case on the ground that the right of removal did not exist in favor of the defendant Cook, and that this court is without jurisdiction. The right of removal is claimed under the clause of section 2 of the act of congress approved August 13, 1888, which provides that, "and when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."

The most important question presented for decision is whether under this clause, under any circumstances, a removal can be had at the instance of a defendant residing in the state wherein the suit is brought. The contention on part of plaintiff is that the right of removal is restricted to non-resident defendants, even if it be true that the suit is one within the original jurisdiction of the United States circuit court, and embracing a controversy wholly between citizens of different states separable from the other issues therein. Section 2 of the act defines four general classes of removable cases: (1) Suits of a civil nature, at law or in equity, wherein original jurisdiction would exist in the United States circuit court under the provisions of section 1 of the act, by reason of their arising under the constitution, laws, or treaties of the United States, and involving over $2,000, are removable by the defendant or defendants. (2) Suits of a civil nature, at law or in equity, wherein original jurisdiction would exist in the United States circuit court under the provisions of section 1 of the act, by reason of the controversy being between citizens of different states, and involving over $2,000, or by reason of its being a controversy between citizens of the same state claiming lands under grants from different states, or by reason of its being a controversy between citizens of a state and foreign states, citizens, or subjects, and involving over $2,000, are removable by the defendant or defendants therein, if they are non-residents of the state wherein suit is brought in the state court. (3) Suits of a civil nature, at law or in equity, coming within the original jurisdiction of the United States circuit court for any of the reasons enumerated in the two preceding paragraphs, and which include a controversy which is wholly between citizens of different states, and which can be fully determined as between them, are removable by either one or more of the defendants actually interested in such controversy. (4) Suits in which there is a controversy between a citizen of the state wherein the suit is brought and a citizen of another state may be removed on the ground of prejudice or local influence by a defendant, provided he is a citizen of a state other than that in which the suit is pend-

ing. In the first clause of section 2 covering the first classification given above the declaration is that the suit may be removed by the defendant or defendants. In the second clause of the section covering the second classification above given the declaration is that the suit may be removed by the defendant or defendants, being non-residents of the state wherein suit is pending. In the third clause of the section covering the third classification above given the declaration is that any one or more of the defendants actually interested in such controversy may remove the suit. In the fourth clause of the section covering the fourth classification above given the declaration is that any defendant, being a citizen of another state than that wherein suit is pending, may remove the same. So far as the express language of the clauses are concerned, in the first and third the right of removal is conferred on the defendant. In the second it is conferred on the defendant provided he is a non-resident of the state wherein suit is pending, which would include defendants who are citizens of other states, aliens, foreign subjects, and foreign states, and in the fourth the right of removal is conferred on the defendant provided he is a citizen of another state.

According to the argument of plaintiff the court should hold that in cases coming under the third classification above given, and the third clause of the section, the right of removal cannot be invoked by a defendant, unless he is a non-resident of the state wherein the suit is pending. It cannot be held that such is the meaning of the clause unless the court interpolates the words, "being a non-resident," into the clause of the section in question. In the next case perhaps the contention would be that the court should interpolate the words "being a citizen of another state" in order to conform to the wording of the fourth clause. So, also, if the court should interpolate these words in the third clause, would not the like reasoning require the interpolation of the same words in the first clause? Certainly this would be disregarding the plain words of the statute, and adding thereto qualifications and restrictions not found in it, as it was passed by congress. Each of the four clauses in section 2 of the act deals with different classes of cases, and each clause defines by its terms by whom the right of removal may be exercised in the cases coming within the purview of each clause, and the court is not justified in adding to any of the several clauses restrictions upon the right of removal not found in the clause itself, on the ground that thereby the construction of the clause will be conformed to the true intent of congress. Such a line of argument proceeds upon the theory that the court, aside from the language of the act, knows what the true intent of congress was in adopting the act and the several clauses thereof, and must therefore add to the clauses any words necessary to conform the meaning thereof to the assumed intent of congress, upon the assumption that they were accidentally omitted. In construing an act of the character and purpose of the one under consideration, the court must hold the meaning thereof to be that which the act itself discloses. We construe the act and the several clauses thereof to ascertain the meaning of congress, and are not justified in assuming that congress intended something not fairly de-

ducible from the language of the act itself, as applied to the subject-matter it is dealing with. It is clear beyond question that in section 2 of the act four general classes of removable cases are provided for, and each clause defines by whom such removal may be had of cases coming within the language of the clause. According to the plain intent and meaning of the language used, cases coming within the third clause— that is, suits involving a separable controversy wholly between citizens of different states—are removable by any one or more of the defendants actually interested in such separable controversy.

It is urged in argument that no good reason can be adduced why the right of removal is granted in this clause to a defendant, whether a resident or not of the state wherein suit is brought, but in the preceding clause is conferred only on non-resident defendants. It is a sufficient reason for the court to say, *ita scripta est*. When the language of an act is plain and clear the court is bound to assume that the legislative body that passed the act had good reason for the enactment, and simply because the court may not be able to discover or demonstrate the wisdom thereof, it is not justified in assuming that the legislature must have meant something other or different from that which appears upon the face of the statute. Therefore, as there are not found in the third clause of section 2 any words restricting the right of removal to non-resident defendants, and as the clause expressly declares that any one or more of the defendants interested in the separable controversy between citizens of different states may remove the suit, it must be held that such is the meaning of the act; or, in other words, that in suits otherwise coming within the definitions of this third clause, a removal may be had by any one or more of the defendants interested in such separable controversy, irrespective of the question of the residence or citizenship of such defendant. To justify, however, a removal of a case under the third clause of the section in question, it must appear, among other things, that there is in the suit a controversy which is wholly between citizens of different states. As already stated, the suit now before the court is between citizens of different states, and involves over $2,000; so that it is a suit within the original cognizance of the federal court, according to the provisions of the first section of the act. Is there involved therein a separable controversy, wholly between citizens of different states, to which controversy Edward Cook is defendant? The construction given to the similar language found in the act of 1875, in the various cases decided under the act, aid us materially in construing the present act. To constitute a separable controversy "the case must be one capable of separation into parts, so that in one of the parts a controversy will be presented with citizens of one or more states on one side and citizens of other states on the other, which can be fully determined without the presence of the other parties to the suit as it has been begun." *Fraser v. Jennison*, 106 U. S. 191, 1 Sup. Ct. Rep. 171; *Ayres v. Wiswall*, 112 U. S. 187, 5 Sup. Ct. Rep. 90. It is also well settled that if a plaintiff has a cause of action in tort or upon contract against several defendants, which is joint, or, being joint and several, is declared on jointly by the plaintiff, the

defendants cannot, by tendering separate issues in their answers, create separable controversies, so as to authorize a removal of the cause. *Railroad Co.* v. *Ide*, 114 U. S. 52, 5 Sup. Ct. Rep. 735; *Pirie* v. *Tvedt*, 115 U. S. 41, 5 Sup. Ct. Rep. 1034, 1161; *Sloane* v. *Anderson*, 117 U. S. 275, 6 Sup. Ct. Rep. 730; *Insurance Co.* v. *Huntington*, 117 U. S. 280, 6 Sup. Ct. Rep. 733; *Brooks* v. *Clark*, 119 U. S. 502, 7 Sup. Ct. Rep. 301. Under the doctrine of these cases, to sustain the right of removal in the present instance, it must appear from the record that upon the allegations of plaintiff's petition there arises in the cause a controversy capable of separation from the other issues or questions presented by the petition, which, when 'separated, would be between citizens of different states, and in which Edward Cook would be interested as a defendant. To the petition are made defendants Susan Daniels, Lucy Daniels, Henderson, Hurd, Daniels & Kiesel, and Edward Cook. The petition does not aver that all the defendants claim title to the realty jointly, or under one common source of title; nor does it aver that they jointly converted to their own use the crops growing on the land, or that they jointly injured the buildings for which the damages are prayed. The petition has been very shrewdly drawn under the statute of Iowa for the purpose of settling all adverse claims of title on the part of any and all the defendants. It is a challenge to all of them to set up, each for himself, any and all titles they may have, and the purpose of the suit is to settle in the one proceeding all adverse claims asserted by any and all of the parties. To the petition, as drawn, Susan Daniels might set up a title in fee-simple based upon the swamp-land act; Lucy Daniels a title in fee-simple based upon a grant to a railroad; Henderson, Hurd, Daniels & Kiesel a title based upon a valid sale for delinquent taxes; and Edward Cook might set up a fee-simple title derived from an entry upon land-warrants, or he might claim to be a tenant holding under any one of his co-defendants, or under some other person not made a party to the suit. The petition is not framed for the purpose of narrowing down the issues triable thereon to one title or source of title, but, on the contrary, brings all the named parties into the suit as defendants, for the purpose of adjudicating every adverse interest or claim to the realty, no matter how diverse or antagonistic to each other they may be. The decisions, therefore, defining the rule applicable to suits based upon joint or joint and several causes of action, do not touch a case of the peculiar character now before the court, for the reason that the petition in this cause does not seek to declare against all the defendants jointly. That this was not the intent of the plaintiff is not only manifest from the allegations and form of prayer found in the original petition, but in an amendment to the petition filed in the state court, before the submission of the petition for removal to that court, it is averred that Henderson, Hurd, Daniels & Kiesel executed to Edward Cook a written lease of the premises in their own name and right, and not as the representatives of either Susan or Lucy Daniels, and that Edward Cook holds possession of the premises under this lease. When the petition for removal, therefore, was brought to the attention of the state court, the record showed

that the plaintiff purposed to litigate the rights of Edward Cook as a tenant under a written lease executed by Henderson, Hurd, Daniels & Kiesel in their own right, and, according to the prayer of the original petition, proposed to ask judgment against said firm and Edward Cook, declaring such lease and the title it was based on to be invalid, and also asking judgment against said firm and Cook for the $1,000 damages claimed for the taking away the crops and damaging the building. The plaintiff also expressly negatived in his amendment to the petition the idea that Susan or Lucy Daniels were interested in the particular controversy arising between plaintiff and the defendant Cook and his lessors under the written lease described in the amendment. Upon the face, therefore, of plaintiff's own pleadings he has made it clear that there is involved in this suit a controversy between himself and Cook and the said firm, in which the other defendants are not interested, and this separable controversy is between citizens of different states, and Cook is a party defendant thereto. The petition for removal avers that the said Susan and Lucy Daniels will each by answer claim to be the owners of the property in fee-simple, so that it is thus made to appear that the suit involves more than one controversy, and that, when separated, there is found therein a controversy between the plaintiff and Henderson, Hurd, Daniels & Kiesel and Edward Cook, they being citizens of different states. This being so, then Edward Cook, as one of the defendants to this separate controversy, had the right to remove the cause to this court under the third clause of section 2 of the act of 1888. The motion to remand must be, therefore, overruled, and it is so ordered.