### No. 11,706.

#### MILLER ET AL. *v.* BUYER.

Decided October 17, 1927.

Action to quiet title. On motions for removal to federal court. Motions denied.

*Reversed.*

1.  REMOVAL OF CAUSES—*State to U. S. Court.* In an action to quiet title where motions for removal to the federal court are denied, defendants lose no rights by contesting the suit to judgment.

2.  *Quieting Title—Nonresident Defendants.* In an action to quiet title, if the interests of nonresident defendants are separable, the court should order a removal to the federal court on motion.

3.  QUIETING TITLE—*Parties.* An action against several parties to quiet title is severable as to each defendant.

4.  EJECTMENT—*Issue.* In ejectment the question is whether plaintiff owns the property.

5.  QUIETING TITLE—*Parties.* In a suit to quiet title each defendant is called upon to come in and set up his claim to the property.

6.  *Defendants—Joint Interests.* Where several parties are defendants in a suit to quiet title, in order that they may be sued jointly it must affirmatively appear that they are joint tenants in whatever interest they claim to have. In the case at bar it nowhere appeared that defendants' interests were joint.

7.  REMOVAL OF CAUSES—*Quieting Title.* In an action to quiet title, plaintiff cannot, by falsely alleging that the action is against defendants jointly, deprive a nonresident defendant of his right to a trial in the federal court of his separable controversy.

8.  *Petition—Sufficiency—Practice.* A petition for removal of a cause from state to federal court need state only those necessary facts which do not appear in the record. It is bad practice to make the record show the same fact twice.

9.  *Petition—Jurisdiction.* A petition for removal of a cause from state to federal court is sufficient if it shows the amount involved is over $3,000, and that petitioner is a citizen and resident of another state. On the filing of such a petition, the state court loses jurisdiction.

*Error to the District Court of Park County, Hon. James L. Cooper, Judge.*

Mr. S. HARRISON WHITE, Mr. JOHN M. BOYLE, Mr. GEORGE A. MILLER, Mr. BENJAMIN C. HILLIARD, for plaintiffs in error.

Mr. H. E. CHURCHILL, Mr. I. S. SMITH, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

BUYER brought an action to quiet title against George A. Miller, Ulus C. Miller, David K. Miller, L. Cyril Miller and F. Lee Miller and unknown parties, if any, claiming any interest in the property in question.

George A. Miller, a citizen of Missouri, moved for removal to the United States court, and Ulus C. and L. Cyril Miller, citizens of California, moved likewise. The motions were denied and the case went on to trial and final judgment. The movers bring error and this matter is one of the assigned errors.

No rights were lost by contesting the suit to judgment. *Powers v. Chesapeake & Ohio Ry. Co.,* 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673; *Railroad Co. v. Koontz,* 104 U. S. 5, 26 L. Ed. 643; *Steamship Co. v. Tugman,* 106 U. S. 118, 1 Sup. Ct. 58, 27 L. Ed. 87.

If their interests were separable the court should have ordered removal. *Stanbrough v. Cook,* 38 Fed. 369, 3 L. R. A. 400; *Barth v. Coler,* 60 Fed. 466; *Thurber v. Miller,* 67 Fed. 371, 14 C. C. A. 432.

A suit to quiet title is severable as to each defendant. *Stanbrough v. Cook, supra; Bacon v. Felt,* 38 Fed. 870. Any one of the defendants could have been sued alone and therefore the action was separable into independent suits, as required in *Barth v. Coler, supra; Goldsmith v. Gilliland,* 24 Fed. 154; *Bates v. Carpentier,* 98 Fed. 452.

The claim of defendant in error is that the controversy is not separable. He says that the single question is whether plaintiff owns the property. Not so. That would be so in ejectment but to quiet title each defendant is called upon to come in and set up his claim to the property. *Stanbrough v. Cook, supra,* p. 373. A's claims may be good, B's bad and C's partly good and partly bad; D may default, E disclaim and X may intervene; Y and Z, may join in defence. These things happen often in such actions. The rights of none are dependent on the action or right of any other. If any action is separable an action to quiet title must be.

The defendant in error cites some of the numerous cases which hold that the question whether defendants are sued jointly or severally must be determined by the complaint; that the plaintiff may choose how to bring his action, and that different defenses could not alter his right to bring such a suit even though they might defeat it as a joint suit (*Powers v. Chesapeake & Ohio Ry. Co.,* 169 U. S. 92; *Torrence v. Shedd,* 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528; *Hay v. May Company,* 271 U. S. 318, 320, 46 Sup. Ct. 498, 70 L. Ed. 965), but we cannot see that that principle controls the present case.

In the present case it nowhere appears that the defendants' interests were joint. The present complaint does not show it, but, on the contrary, seems to consider the defendants as having several rights and to be sued severally. It says "the defendants and *each* of them claim some right * * *" and again, "The claims of said defendants and each of them are without any right whatever * * *," and again "said defendants have not nor have any of them estate * * *." Indeed under our statute C. L. § 4872, a joint interest in land is so rare as to be almost unknown. We must presume the tenancies are not joint till something is shown otherwise. This is made clear by Shiras, Judge, in *Stanbrough v. Cook,* 38 Fed. 369, at page 373. We do not see how defendants, in a suit to quiet title, can be shown to be sued jointly unless it affirmatively appears that they are joint tenants of whatever interest they claim to have. Plaintiff does not claim in his briefs that this appears or that it is alleged, and, if it is not so, then, even if it were alleged to be so, that is that the action was joint, as soon as it should appear that it was several, he must be defeated. *Powers v. Chesapeake & Ohio Ry. Co.,* 169 U. S. 92, 96, 97; *C., B. & Q. Ry. Co. v. Willard,* 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521; *Torrence v. Shedd,* 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528. In other words he could not by falsely showing that the action was against the defendants jointly deprive a defendant of his right to trial in a federal court of his separable controversy without ultimately suffering defeat himself.

The plaintiff seems to claim that the petition for removal must contain all facts necessary to show that the case is one for removal. If any case so holds we do not agree with it. The petition need state only those facts which do not already appear in the record. 23 R. C. L. 750, § 131. *Insurance Co. v. Pechner,* 95 U. S. 183, 185, 24 L. Ed. 427; *Steamship Co. v. Tugman,* 106 U. S. 118. It is always bad practice to make the record show the same fact twice.

The complaint in the present case shows, as we have said above, that the claim is civil and several. The petitions for removal show that the amount involved is over $3,000, and that the petitioners are citizens and residents of other states. Nothing more is necessary.

The result is that the state court lost jurisdiction when the petition was filed (*Steamship Co. v. Tugman, supra*), and we must reverse the judgment and remand the case with directions to grant that petition.

Judgment reversed.

MR. JUSTICE BUTLER, sitting for MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.