MECKE v. VALLEY TOWN MINERAL CO. et al.

(Circuit Court, W. D. North Carolina. September 20, 1898.)

1. APPEARANCE—FILING PETITION FOR REMOVAL.
   Filing a petition for removal is not a general appearance, and does not preclude a motion to dismiss for want of service of process, or other defect of jurisdiction.

2. FEDERAL COURTS—JURISDICTION OVER FOREIGN CORPORATIONS.
   To give a federal court jurisdiction over a corporation of another state, three things are essential: (1) It must appear that such corporation, as a matter of fact, is carrying on business in the district in which the court is sitting; (2) such business must be transacted by some agent or officer appointed by and representing the corporation in that district, or at least in the state; (3) the existence of some local law making the foreign corporation generally amenable to suits in the state as a condition precedent to its doing business therein.

3. APPEARANCE—DENIAL OF PETITION FOR REMOVAL—ANSWERING IN STATE COURT.
   Defendant, a foreign corporation, filed a petition and bond for the removal of the cause, which was ordered by the state court. Defendant thereafter caused a transcript to be filed in the federal court, which denied a motion to remand. On appeal the supreme court of the state reversed the order for removal, and defendant thereafter answered in the state court. Held, that the filing of such answer did not constitute an appearance and waiver of process affecting the case in the federal court, and was without prejudice to the right to move for dismissal in that court for want of proper service.

Motion to dismiss for want of proper service on the moving defendant, a foreign corporation.

J. H. Dillard and Davidson & Jones, for plaintiff.

F. P. Axley and Merrimon & Merrimon, for defendants.

SIMONTON, Circuit Judge. The Roessler & Hasslacker Chemical Company, a defendant in this case, having filed its petition with bond for removal into this court, a motion was made to remand its cause. This motion was heard and refused. When this motion was made, this defendant also moved to dismiss the cause, as against it, by reason of the absence of proper service of process. The complaint alleges that this Roessler & Hasslacker Chemical Company is a corporation of the state of New York. It further alleges that it has no office, officer, or agent in the state of North Carolina. The indorsement on the summons shows its service on a director of the company. The affidavit shows that this director was casually within the state of North Carolina on a transient visit. The petition for removal does not amount to a general appearance, nor does it preclude a motion to dismiss for want of service of process, or for any other defect of jurisdiction. The case being in this court, and the motion to remand having been refused, which motion is not the subject of immediate review (25 Stat. 433), the cause proceeds under the rules and practice of this court. This question of service must be decided under these rules and this practice. In order to give a federal court jurisdiction over a corporation organized under the laws of a state other than that in which the federal court sits, three conditions must concur or co-exist: (1) It must appear that such corporation, as a

matter of fact, is carrying on business in the district in which the federal court is sitting; (2) that such business is transacted by some agent or officer appointed by and representing the corporation in that district, or at least in the state; (3) the existence of some local law making the foreign corporation generally amenable to suits therein as a condition precedent, express or implied, of doing business in the state. U. S. v. American Bell Tel. Co., 29 Fed. 17; Barron v. Burnside, 121 U. S. 193, 7 Sup. Ct. 931. The allegations of the complaint show that one at least of these essential conditions does not exist in the case at bar. It is distinctly stated that this defendant is a corporation of the state of New York. It is also stated that it has no office, officer, or agent in the state of North Carolina. This being so, the service of process on a director of the corporation on a transient visit to the state is not service on the corporation. It is supposed, however, that this difficulty has been removed, and that proper service of summons has been waived, by the filing of an answer in the state court. Had this answer been filed before the removal, this position would have been perfectly sound. This cause coming here in the same plight in which it was at the time of the filing of the petition for removal, and coming over with an answer, the motion to dismiss on the ground stated would have been too late.

There is an answer in the record. Examining it, it appears that it was filed after the state court below had ordered the removal, and after this action of the lower court had been reversed by the supreme court. Necessarily, the state court would go on and try the cause. The defendant was right in filing this answer, and its petition with bond having been submitted to the state court, and the prayer for removal finally refused, the defendant can go on and defend in the state court without prejudice to his right to remove. Insurance Co. v. Dunn, 19 Wall. 214; Removal Cases, 100 U. S. 457. The action of the state court in refusing the removal cannot affect this court. Nor can the action of this court in refusing to remove affect the state court. The trial in both courts can proceed. The final decision of this court can be reviewed in the supreme court of the United States, and the final decree in the state court can go by writ of error to the same tribunal; this motion to remove being a federal question. Railroad Co. v. Koontz, 104 U. S. 5; Oakley v. Goodnow, 118 U. S. 43, 6 Sup. Ct. 944. The complaint as to the Roessler & Hasslacker Chemical Company for these reasons is dismissed.