[No. 8229.]

## STUART ET AL. V. COLORADO EASTERN RAILROAD COMPANY.

1. PLEADINGS—*Judgment Upon.* A motion for judgment of discontinuance, on the pleadings, is not to be allowed unless upon the whole record it appears that plaintiff cannot recover, no matter what may be the finding upon the issues of fact. (65.)

2. EVIDENCE—*Judicial Notice,* may be taken, of the existence and location of railroads within the jurisdiction of the court. (66.)

3. REMOVAL OF CAUSES—*Severance.* Action to quiet title instituted in the state court against two railway companies, one a domestic and the other a foreign corporation, operating distinct lines of railway, their interests not alleged to be joint, or in any way related. The case is severable, and its removal to the federal court, on motion of the non-resident, the domestic corporation not joining in the motion or consenting thereto, the cause, as to it, remains in the state court. (66.)

4. RAILROADS—*Right of Way,* is an interest in lands. (67.)

5. —— *Damages to Land Owner.* Where a railway company wrongfully constructs its tracks upon the lands of another the owner's recovery is limited to the value of the land taken, and the damages occasioned to the residue. (69.)

6. —— *Land Owners' Action for Damages—Trial.* An action by the owner of lands unlawfully appropriated by a railway company, to recover damages for the wrong, is in effect, an action to compel condemnation. It is tried like a condemnation suit, plaintiff having the opening and close. The only matter in issue is the value of what was taken and the damages occasioned to what was left. (69.)

7. QUIETING TITLE—*Defendant's Pleading.* The defendant must set up all claims, of whatsoever nature, which it may have, to any interest in the land. (68.)

8. —— *Decree—Conclusive Effect.* A decree quieting in another, the title to lands occupied by a railway company, for its tracks, is conclusive of the right of the successful party. In a subsequent action brought by such party to recover the value of the land taken, and the damages to the residue, the railway company is precluded of all defenses which it asserted, or might have asserted, in such action, e.g. that the right of action accrued to a former proprietor, or was barred by the statute of limitations. (68-70.)

*Error to Denver District Court.* Hon. GEO. W. ALLEN, Judge.

Messrs. STUART & MURRAY, *Pro se.*

Messrs. ROGERS, ELLIS & JOHNSON, Mr. PERCY S. ROBINSON, Mr. PIERPONT FULLER, for defendant in error.

GARRIGUES, J., delivered the opinion of the court.

1.   The purpose and object of this action is to compel payment for a strip of land taken and used as a right of way for a railroad over land commonly known as the Iliff tract situated in the county of Denver; to recover compensation for damages to the residue not taken, and payment for loss of the use of the land since the taking, occasioned thereby. Information upon the history of the tract and regarding the status of the title may be obtained by reference to the following cases:   *Warren v. Adams,* 19 Colo. 515, 36 Pac. 604; *Adams v. Warren,* 27 Colo. 293, 61 Pac. 609; *People v. Carpenter,* 29 Colo. 365, 68 Pac. 221; *Harrison v. Cole,* 50 Colo. 470, 116 Pac. 1123.

Stuart and Murray, plaintiffs below, plaintiffs in error, filed their complaint in this action in the District Court at Denver, July 14, 1911, against the Colorado Eastern Railroad Company, defendant below, defendant in error, alleging in the first count that they and their grantors had owned the tract in dispute continuously for over forty years, and plaintiffs became the sole owners of the fee in March, 1901; that defendant in 1894 wrongfully entered upon and took possession of a strip across the land as a right of way for its railroad, constructed a road-bed and laid its track thereon, without permission from the owner, and without any attempt to acquire the right of way by purchase, condemnation or otherwise, and still continues to use the strip so taken for that purpose; that about three acres are actually taken by the right of way which cuts off a triangular piece of land, comprising about five acres, from the main body, thus damaging the remainder not taken; that the use of the land taken and the residue damaged, but not taken, has at all

times, for a period of about 17 years, been wholly lost to plaintiffs, on account of the wrongful taking, which use is of the reasonable value of $1360.00; that in another action begun April 24, 1906, in the State District Court, at Denver, being No. 40590 on the docket of that court, in which plaintiffs, Stuart and Murray, were plaintiffs, and the defendant, The Colorado Eastern Railroad Company was defendant, a decree was entered in March, 1908, quieting plaintiffs' title to all the land as against the defendant The Colorado Eastern Railroad Company, and finally determining that it had no estate or interest in, or right to any of the land; which decree was never appealed from, still stands unmodified, and is of full force and effect; that they repeatedly demanded compensation for the use of the land, but defendant has constantly failed to make payment therefor. The allegations of the second count are substantially the same as the first, except instead of seeking to recover damages for the loss of the use of the land since the taking, plaintiffs ask payment for the value of the land actually taken, and damages to the remainder not taken, occasioned by the taking. It alleges that the land is of the value of $600.00 per acre and that plaintiffs' damage on account of the taking is $5,000.00; that they have repeatedly demanded payment therefor, and urged upon defendant the necessity of either purchasing the land, or commencing a condemnation proceeding, but that defendant refuses to do either, and still continues to occupy and use the right of way; that plaintiffs are willing defendant shall continue to operate its road across the tract, upon payment of just compensation for the land taken, and for the damages occasioned by the taking.

The answer, among other things, denies that plaintiffs own an unincumbered title, and alleges that whatever title they have is subject to the right of way of defendant's railroad which comprises one, instead of three acres, and was used by defendant and its grantors many years preceding

the filing of the complaint and long before plaintiffs acquired any title; that since June 11, 1894, defendant had operated its railroad across the land which, it alleges, was constructed over the tract in 1886-7 by another corporation, from which it purchased the railroad in 1894, and admits that ever since the purchase it has continuously used and occupied the right of way for railroad purposes; but whether its predecessor constructed the railroad across the land without having first obtained the consent of the owner, it does not know and has not and cannot obtain sufficient knowledge or information upon which to base a belief; denies that a decree was entered in another action pending in the District Court of Denver in which Stuart and Murray were plaintiffs, and the present defendant, the Union Pacific Railroad Company and the Kansas Pacific Railway Company were defendants, quieting the title to all or any portion of the land, as against the present defendant. Further answering with regard to the alleged former decree, defendant alleges that April 21, 1906, plaintiffs herein did institute the action, being No. 40590, in the State District Court at Denver, as alleged, in which the present defendant, the Union Pacific Company and the Kansas Pacific Company were joined as defendant; that May 11, 1906, The Union Pacific Company obtained an order of removal of the cause to the Federal Circuit Court, and that it has never been remanded to the state court, but on the contrary the Federal Circuit Court denied plaintiffs' motion to remand the cause, and retained jurisdiction over it, and thereafter such further action was taken that the cause against the Union Pacific was tried in the Federal Circuit Court upon its merits and a judgment rendered against plaintiffs, and in favor of the other defendant therein, so removing the cause; that from this judgment an appeal was taken to the Federal Circuit Court of Appeals, which affirmed the judgment; that a writ of *certiorari* was then sued out of the Supreme Court of the United States to review this

judgment, and the cause is now pending in that court; that upon removal of the cause by the Union Pacific from the state court to the federal court, the state court lost and ceased to have any further jurisdiction over the cause, over any of the parties thereto, and over the subject matter, and that any and all proceedings thereafter taken in the cause in the state court, including this pretended decree quieting title in 1908, were without jurisdiction and beyond the power of the court, and the pretended decree is void, because entered after the cause was removed to the federal court; admits, however, that the decree has never been appealed from or modified. Defendant further alleges that on and prior to January 5, 1887, The Denver Railroad, Land & Coal Company claimed to own a right of way for its railroad over the land, and was in open, notorious, exclusive and adverse possession, use and occupation thereof, which it claimed for railroad purposes, and on the date aforesaid, to secure an indebtedness, it conveyed all its railroad property, including the right of way, to the Knickerbocker Trust Company, by a mortgage deed, which, June 11, 1894, default having been made in its terms and conditions, was duly foreclosed, and all the property and right of way conveyed by trustee's deed to one Bernard J. Burke, who, on the last mentioned date conveyed it, including the right of way, to defendant; that the instruments effecting the transfers were duly recorded on or about the respective dates thereof, and all the property, including the right of way, was accepted and received by defendant in good faith, for value, under claim and color of title, and defendant has ever since been in the open, notorious, exclusive and adverse possession of all the property, and has ever since operated the railroad across the right of way; that so much of the first cause of action relating to the use of the land as accrued at any period six years prior to bringing the action, is barred by the six years statute of limitations; that the land was originally taken for a railroad

right of way by the Denver Railroad, Land & Coal Company as early as 1886-7, and that any cause of action on account of such entry and taking, accrued more than six years prior to the commencement of the action, and is barred by the six years statute of limitations.

By way of what plaintiffs term an affirmative replication, they allege that April 24, 1906, they began a code action to quiet title in the State District Court at Denver—being No. 40590 mentioned in the complaint and answer—against the Union Pacific Company, the Kansas Pacific Company and the present defendant, the Colorado Eastern Railroad Company, in which they alleged they owned in fee simple all the tract and that defendants each claimed an adverse estate or interest therein, which were all unfounded; that neither defendant had any title, claim, estate or interest in or right to any portion of the land, and prayed a decree quieting their title thereto against each defendant; that the Union Pacific Company alone filed a petition for removal of the cause to the Federal Circuit Court, and May 11, 1906, the order of removal was entered; that upon plaintiffs' motion to remand to the state court upon the ground that the removal had been obtained by and affected only the cause against the Union Pacific, it was held by the Federal Circuit Court that the cause against the defendants was severable; that the removal by the Union Pacific, alone, of the cause against it, did not affect the other defendants not joining in the motion, and that, except as to the Union Pacific, it still remained in the state court where it was instituted, which had jurisdiction over it for all purposes, so far as the defendants not joining in the motion were concerned; that the federal court had jurisdiction over the cause only so far as it concerned the Union Pacific, and denied plaintiffs' motion to remand; that thereafter the cause against the Union Pacific was tried in the Federal Circuit Court, and resulted in a judgment of dismissal in favor of the Union Pacific, and

against plaintiffs; that plaintiffs appealed from this judgment to the Federal Circuit Court of Appeals, which court held in favor of the Union Pacific, upon its claim to a right of way for its railroad; that plaintiffs then removed the cause to the United State Supreme Court where it is still pending; that after the order of removal was entered May 11, 1906, defendant, the Colorado Eastern Railroad Company, May 12, 1906, entered its full appearance in the cause in the state court in case No. 40590, submitted to the jurisdiction of the court, and filed therein its motion to make the pleadings more specific and certain; that both parties appeared in open court where such further proceedings were had that defendant's motion was overruled, whereupon it refused to plead, or to further appear, and March 11, 1908, the court entered a final decree by which it held and adjudged that defendant, The Colorado Eastern Railroad Company, had no claim, estate, interest in or right to any portion of the land, and quieted the title in the plaintiffs to every part thereof as against the Colorado Eastern Railroad Company.

Upon this state of the pleadings in the present case it came on for trial October 28, 1913, before the court, and before the introduction of any evidence, defendant moved for judgment of dismissal on the pleadings, upon the grounds, that it appears from the pleadings that each cause of action accrued to the former owner long before plaintiffs' ownership and was a personal right belonging to the former owner, which had not passed with the transfer of the land to plaintiffs; that each cause of action was barred by the six years statute of limitations, and upon the entire pleadings defendant was entitled to a judgment of dismissal, which motion was granted and plaintiffs' cause of action dismissed out of court.

1. The District Court sustained the motion apparently upon both grounds, that the cause of action accrued to the

former owner and that it was barred by the six years stat-
ute of limitations, and either ignored or treated as of no
consequence the decree quieting title.  We have read with
unusual care the interesting and carefully prepared briefs,
but from the conclusion reached, it will only be necessary for
us to determine what effect the removal to the federal court
had upon the jurisdiction of the lower court over the cause
against defendant, and the effect of the decree entered there-
after against it in the state court quieting title.  Neither of
the grounds stated in the motion will be determined because
they are *res judicata*.

2.  Defendant's motion searched the whole pleadings as
an entirety and should not have been sustained unless, as a
whole, they show plaintiffs cannot recover in any event, re-
gardless of what the proof upon the issue of facts might
show.  Where an issue has been joined by the filing of a
complaint, answer and replication, and the defendant moves
for judgment on the pleadings, the motion should not be sus-
tained unless the defendant will be entitled to a judgment,
no difference what the findings might be upon the issues of
fact joined.  If, under the facts admitted by the motion,
plaintiffs would in no event be entitled to a judgment, and
defendant, regardless what the finding of fact might be
upon which issue is joined, would be entitled to judgment,
then the judgment of dismissal on the motion is correct.
*Mills v. Hart*, 24 Colo. 505, 52 Pac. 680, 65 Am. St. 241.

3.  It sufficiently appears from the pleadings and ad-
missions in the briefs, that a former action in the District
Court, No. 40590, to quiet title was brought against the pres-
ent defendant, the Colorado Eastern Railroad Company and
two others, the Union Pacific and the Kansas Pacific; that
the Colorado Eastern is a domestic corporation, and a resi-
dent of the state, therefore was not entitled alone to a re-
moval of the cause into the federal court; that the Union
Pacific, a non-resident of the state, alone applied for and

obtained such a removal, the record failing to show that the Colorado Eastern joined in the motion or consented to the removal. There was no allegation in the complaint in that case that defendants' interests were held or owned in common, or that they claimed under a common right, or through or from a common source, or that their interests were joint, or in some manner of a joint nature, or that there was any union of interest. The controversy over the Union Pacific right of way across the land was over an interest in the tract which was separate and distinct from the Colorado Eastern right of way. Not only was there no allegation in that action that defendants' interests in the land were in any way related, but the courts may take judicial notice of the existence and location of railroads within their jurisdiction. 16 Cyc. 61.

Where an action to quiet title is instituted in a state court against two railroad companies, one a domestic and the other a foreign corporation, each of which is operating a distinct and separate line of road across the land, and there is no allegation that their interests are joint, or in any way related, the cause is severable, and its removal on motion of one, to the federal court does not take with it the cause against the other company, where it does not join in the motion, or consent to the removal; but as to it, the cause remains in the state court where it was originally brought. II Foster's Federal Practice, 488, 496; Moon on Removal of Causes, §147; *Manufacturer's Co. v. Brown-Alaska Co.,* (C. C.), 148 Fed. 308. As supporting this theory, see also: *Union Pacific Co. v. City of Kansas,* 115 U. S. 2-23, 39 L. Ed. 319, 5 Sup. Ct. 1113; *In re Stuttsman Co.,* (C. C.) 88 Fed. 337; *Mecke v. Mineral Co.,* (C. C.) 89 Fed. 114; *Carothers v. McKinley Co.,* (C. C.) 116 Fed. 947; *Deep Water Railway Co. v. Western Co.,* (C. C.) 152 Fed. 824. We therefore are of the opinion that the cause No. 40590 against the defendants to quiet title in the state court related, in that action, to

separate and distinct controversies which were severable;
that the removal by the Union Pacific Company alone did not
affect the Colorado Eastern; that the cause against it was
not removed by the removal alone of the cause against the
Union Pacific, but remained where it was brought and the
state court retained jurisdiction over the controversy be-
tween plaintiffs and the Colorado Eastern, regarding its in-
terest in the land, which controversy was distinct and sever-
able from that involving the interest of the Union Pacific
Company in the tract.

4.   Having determined the jurisdiction of the state
court over that action to quiet title against the defendant in
this action, our next step is to ascertain the effect upon this
action of that decree.   The inquiry whether the cause of
action against the defendant still remained in the state
court, after the removal of the cause against the Union Pa-
cific, as well as the effect of the decree quieting title were
both questions of law raised by the motion for judgment on
the pleadings, which could not be ignored, and the court
erred when it held they were of no consequence and entered
judgment for defendant on the pleadings.   A railroad right
of way is an interest in land (*Workman v. Stephenson,* 26
Colo. App. 339, 144 Pac. 1126).   The defendant admitted the
decree quieting title was entered in 1908, and that the right
of way was not paid for.   There was a determination by this
decree, in the former suit, that the railroad company had no
claim, estate or interest in the land.   That matter was *res
judicata* by force of the decree, and the company could not
thereafter longer remain in possession and successfully re-
sist an action brought to compel condemnation and payment
for the land taken, upon the ground that the right of action
accrued to some one else or was barred by the statute.   These
defenses were swept away by the decree quieting title, they
were both embraced within the issue determined by the court
in that action, which settled that defendant had no right,

estate or interest in the land. It was a complete answer to the two grounds stated in the motion for judgment on the pleadings. Defendant was necessarily called upon in the action to quiet title, to set up any and all claims it had to an interest in the land and whether it did so or not, it is barred by the decree from ever after asserting them. It could not, under the circumstances, let that action go by default, and then successfully maintain that the decree was void, or did not embrace these issues. Defendant's defense to the present action is, and must be, based upon some right, estate or interest it has or claims to have in the land. The excuse it offered for claiming and using the right of way, is that it had been taken in 1887 by its predecessor from whom it acquired title in 1894; that plaintiffs became the owner of the tract in 1901; that the cause of action therefore accrued to the former owner, also, not having been brought for more than ten years after plaintiffs acquired their title, was barred by the statute of limitations. The defendant was obliged to set up these defenses in the action to quiet title; they were involved and could have been litigated and disposed of in that suit, and whether they were or not, makes no difference, the defenses are now *res judicata*, and defendant is precluded from asserting any interest in the land adverse to plaintiffs, based upon these defenses. The effect of the decree quieting title was to cancel all these matters upon which an adverse interest could have been founded, which included the bar of the statute, and the defense that the cause of action accrued to another. 17 Ency. Pl. & Pr. 364, note; *Parnell v. Hahn,* 61 Cal. 131; *Green v. Glynn,* 71 Ind. 336; *Farrar v. Clark,* 97 Ind. 447; *Pittsburg Co. v. O'Brien,* 142 Ind. 218, 41 N. E. 528; *Chicago Ry. Co. v. Grantham,* 165 Ind. 279, 75 N. E. 265; *Burton v. Huma,* (C. C.) 37 Fed. 738; *Brady v. Carteret Co.,* 82 N. J. Eq. 620, 90 Atl. 257, Ann. Cas. 1915B, 1093; *Randolph v. Ellis,* 240 Mo. 216, 144 S. W. 483. Omitting or disregarding the de-

cree quieting title, the present case is almost identical with the *Livermon* case, 114 N. C. 692, 19 S. E. 64, where, in a suit brought to compel payment for the land taken, defendant pleaded, as here, that the cause of action accrued to the former owner, also was barred by the statute of limitations, the only difference being, in the instant case, these defenses are *res judicata*.   The taking possession of land, and the necessity for the taking, being admitted by the pleadings, the only issue before the court for trial, is the value of the land actually taken, and the damages to the residue, occasioned by the taking.   If we admit this action could not have been maintained by plaintiffs before the decree quieting title, thereafter, at least for six years, defendant was constantly subject to an action, and this suit was brought within that time.

5.   Where a railroad company having power of eminent domain but without exercising it, constructs its railroad across the land of another, without his consent, who does not prevent the wrongful entry, and the railroad is thereafter in actual operation, and payment for the right of way is not made, the owner will be limited to a recovery of the value of the land actually taken, and the damages caused by the taking.   In such cases in some states a suit in the nature of an action in equitable ejectment may be brought, to compel condemnation and payment.   In other states the action is termed trespass to try title similar to ejectment.   In other jurisdictions injunction may be resorted to in the first instance which is converted into a condemnation proceeding; while in others the owner may bring a direct action in the nature of an action in condemnation. But the form or name of the action is immaterial.   Such actions are all akin to condemnation suits, and are to compel condemnation and payment for the right of way taken, and the damages occasioned by the taking.   It is trifling for defendant to argue that it has no right of way, and does not

want one, and yet retain possession of and use the strip of land as such. The main defense set up in the answer is that defendant owns a right of way, that plaintiffs' ownership of the land is not unincumbered, but is subject to the right of way which defendant purchased from its predecessor, and upon which it now operates its trains.

Whether, technically speaking, defendant has a vested title now to the right of way before paying for it—in view of our Constitution, which provides that no title shall vest until payment has been made for the land taken—is immaterial in the present case. The pleadings and admissions disclose that the right of way has been taken without payment therefor by either the defendant or its predecessor, that it still retains the land, is using and refuses to pay for it, and the purpose and object of this action is to compel payment. The suit, though brought by the owner, under such circumstances is to compel or force condemnation. It is to be tried like a condemnation suit, and plaintiff will have the opening and closing. The taking and the necessity for the taking being admitted, the only issue remaining to be tried is the value of the land taken and the damages occasioned by the taking. The defenses that the cause of action accrued to another and the plea of the statute of limitations are *res judicata* under the pleadings and will not be considered by the court.

The judgment of the lower court is reversed and the cause remanded with directions to overrule the motion for judgment on the pleadings, to treat the case as an action brought by plaintiff to compel condemnation and payment under the laws of eminent domain, in which the issue to be tried is the value of the land actually taken at the time of trial and the damages occasioned by the taking, which cannot extend beyond the time of the entry of the decree quieting title in 1908.

*Reversed and remanded with directions.*

Chief Justice GABBERT and Mr. Justice SCOTT concur.

Decided January 3, A. D. 1916. Rehearing denied April 3, A. D. 1916.