## WALLACE v. CHICAGO B. & Q. R. CO.
### (No. 954; Decided July 19, 1920; 190 Pac, 999)

EMINENT DOMAIN—ADVERSE POSSESSION—DAMAGES ALLOWED IN ACTION BY OWNER FOR POSSESSION—OWNER WITH KNOWLEDGE PERMITTING CONSTRUCTION OF ROAD UPON HIS LAND WITHOUT OBJECTION NOT ENTITLED TO RECOVER VALUE OF COMPANY'S IMPROVEMENTS.

1. Where a railroad company, having the power of eminent domain, but without exercising such power, has taken possession of land necessary to the conduct of its business, either with or without the consent of the owner, but with his knowledge, and has constructed its road and is operating the same as a common carrier, the land owner cannot recover possession of the land, but is limited to an action for the damages sustained by reason of such taking.

2. Open, notorious and continued possession of real estate under color of title is sufficient evidence of notice to the owner to start the running of the statute of limitations in favor of an adverse claimant.

3. Where a railroad company took possession of land under a deed from a former owner and constructed its road thereon, the real owner of the land who had knowledge that the railroad company was constructing a road on his land, and who made no objection, could not, after the road was constructed and in operation, recover possession, but was limited to recovery of damages.

4. In an action by a land owner against a railroad company, for the possession of land on which the company had constructed its road, the Court on refusal to award the owner possession because of his failure to object to the construction of the road, may award the owner damages for the taking and thus avoid a multiplicity of actions.

5.  Where a railroad took possession of land under a deed from
    a former owner and constructed its road thereon, with
    out objection on the part of the owner who had knowl-
    edge of the construction, the owner was not entitled to
    recover for the value of improvements placed thereon,
    by the railroad company, but was limited to damages for
    the taking of the land.

APPEAL from the District Court of Natrona County; HON.
CHAS. E. WINTER, Judge.

Action by C. M. Wallace against the Chicago, Burlington
and Quincy Railroad Company for the possession of certain
land alleged to have been taken by defendant for use in the
construction of its railroad. From a judgment awarding
damages but denying plaintiff a recovery of possession,
plaintiff appeals.

*Wm. O. Wilson, George W. Ferguson and Fillius, Fillius,
and Winters,* for Appellant.

The title of the plaintiff being proved and admitted at
the trial, the sole remaining question before the Court was
that of estoppel; this being a defense alleged by defendant,
it assumed the burden of proof, and in this it clearly failed;
that at the trial, counsel for defendant conceded that plain-
tiff was entitled to some compensation for his land; de-
fendant therefore established plaintiff's title and plaintiff
was entitled to a judgment in ejectment unless defendant
had established in fact and law an estoppel by the act or
conduct of the plaintiff which prevented him from asserting
title; there is no evidence that plaintiff knew that defend-
ant had entered into possession of his land at any time prior
to this action of ejectment; in fact, the evidence shows that
plaintiff had no such knowledge; it further shows that de-
fendant entered upon the land with full knowledge that
plaintiff was the owner of the property; equitable estoppel
requires clear and positive proof of knowledge on the part
of plaintiff as to the entry and improvements made by de-
fendant, (Pomeroy Eq. Jr. Vol. 2, 3d Ed. Sec. 807; Ford
v. Libby 22 Wyo. 465; Halleck v. Bresnahan, 3 Wyo. 73;)

estoppel by silence requires full knowledge of the facts and a clear intent to mislead and that the other party was in fact mislead by such attitude; (R. C. L. Vol. 10; pp. 693; 16 Cyc. 759.) Plaintiff was entitled to judgment in ejectment.

*E. T. Clark, A. C. Campbell and Nichols and Stirrett,* for Respondent.

If a corporation which owes a duty to the public and to whom has been delegated the exercise of the power of eminent domain, and especially a railroad company, enters upon and takes possession of private property which it could have obtained under the power of eminent domain, and thereafter makes improvements thereon necessary for its purposes, with the consent, or acquiesence, or knowledge, of the owner, and without making to him compensation, such owner is estopped from instituting an action in ejectment to recover the property, or a suit in equity to enjoin the occupant from using the same, but is limited to an action for compensation, and the measure of his damages is the reasonable value of the property when taken and occupied by the defendant. (Goodin et al, v. C. & W. W. Co. 18 O. S. 169; Reisner v. Strong, et al., 24 Kan. 297; Cohen v. St. L. F. S. & U. R. Co, 8 Pac. 138, (Kan); C. B. & U. P. R. R. Co., v. Andrews, 26 Kan. 702; Oliver v. P. Va. & Ch. R. Co., 131 Pa. St. 408; S. C. 17 Am. St. Rep. 814; 19 Atl. 47; Charleston Ry. Co. v. Hughes, 105 Ga. 1; S. C. 30 S. E. 972; 70 Am. St. Rep. 17. Southern Ry. Co. v. Good, 126 Ala. 312. S. C. 28 So. 662; 85 St. Rep. 32; Hendrix v. Southern Ry. Co., 130 Ala. 312; S. C. 30 So. 596; 89 Am. St. Rep. 27; Reichert v. St. L. & S. F. Ry. Co., 51 Ark. 491; S. C. 19 N. E. 111; 9 Am. St. Rep. 852; L. N. A. & C. Ry. Co. v. Soltweddle, 116 Ind. 257; S. C. 19 N. E. 111; 9 Am. St. Rep. 852; Stuart v. Colo. Eastern R. Co., 156 Pac. 152; East San Mateo Land Co. v. S. P. R. Co., 157 Pac. 634; E. O. Land Co. v. Des Chutes R. Co., 213 Fed. 897; Clynn v. Beaverhead Co., 141 Pac. 673; State Ex. Rel. Twiss v. Superior Court of Lewis County, 161 Pac. 68, 69; Taylor v. M. O. Ter. Co.

126 La. 420; 52 So. 562; Lancaster v. Augusta Water Dist. 108 Me. 137, S. C. 79 Atl. 463; Railroad Co. v. Sweeney, 97 Ind. 586; Jacobs v. K. C. S. & C. Ry. Co. 64 So. 150; 134 La. 389; Land Co. v. Blackwood, 59 So. 984 131 La. 539; Railroad Co. V. Hill, 23 So. 566, 74 Am. St. Rep. 74; Railway Co. v. Supply Co. 82 S. E. 228; McAulay v. Western Vt. R. Co. 33 Vt. 311; 78 Am. Dec. 627; B. & W. Ry. Co., v. Allen, 113 Ind. 581; 15 N. E. 446; L. N. A. C. Ry. Co. v. Beck, 119 Ind. 124, 21 N. E. 471; Lawrence v. M. L. & T. Ry. 39 La. 427, 2 So. 69; L. N. A. & C. Ry. Co. v. Berkey, 136 Ind. 591, 36 N. E. 642;)

Actual, visible, open, notorious and exclusive possession of real property, under claim of right and color of title, which possession is manifested by the erection of valuable improvements thereon, is notice, or equivalent to notice, to all the world of such possession and claim of title, and such possession and claim of title and the acts of ownership done thereunder, raise a conclusive presumption of notice to the real owner, whether present or absent, of an intention to hold and assert an exclusive adverse possession against him. (Warfield v. Lindell, 38 Mo. 561, S. C. 90 Am. Dec. 443; Black v. Tenn. C. I. & Rd. Co. 93 Ala. 109, S. C. 9 S. 537-539; Murray v. Royle, 92 Ala. 559, 9 So. 368; King v. Carmichael, 136 Ind. 20, S. C. 35 N. E. 509; 43 Am. St. Rep. 303-310.) This is not a case of mere trespass by one without authority to enter; good faith in acquiring color of title will be presumed until the contrary is shown; (McCagg v. Heacock, 34 Ill. 476; 83 Am. Dec. 327;) if the injury was such that final compensation would have followed in condemnation proceedings, its character is not changed by the fact that such proceedings were not resorted to; damages assessable in condemnation can be assessed in an ordinary action in ejectment; appellant could not have recovered in any proceeding, the value of the improvements made by respondent; who entered under a claim of right; (Justice v. Nesquehoning Valley R. Co. 87 Pac. 28; Western N. C. R. Co. v. Deal, 90 M. C. 110; Albion River R. Co. v.

Hesser, 84 Cal. 435; 24 Pac. 288; Oregon R. & Nav. Co. v. Mosier, 14 Or. 519, 58 Am. Rep. 321, 13 Pac. 300. Jones v. New Orleans & S. R. Co. 70 Ala. 227; Newgass v. St. Louis A. & T. R. Co., 54 Ark. 140; 15 S. W. 188.) A land owner with knowledge that a railroad is constructing its line upon his land, who remains inactive and permits an expenditure of large sums in the work, will be estopped from maintaining trespass or ejectment. (2 Wood, Railway Law 792; Reichert v. St. Louis & S. F. R. Co., 51 Ark. 491; 11 S. W. 696.) The party of course does not lose his claim or the right to enforce it in all proper modes, (McAulay v. Western Vt. R. Co., 33 Vt. 321,) but the owner will be limited to the value of the land actually taken and the damages caused by the taking, (Stuart v. Colo. Eastern R. Co., 156 Pac. 152;) the appellant had notice which was equivalent to knowledge; (Gregg v. Von Phul, 1 Wall. 274, 17 L. Ed. 537; Hill v. Epley, 31 Pa. 334; Breeding v. Stamper, 18 B. Mon. 175;) Notice in this case is a legal deduction from possession and improvements by respondent, (Warfield v. Lindell, 38 Mo. 561; 90 Am. Dec. 443;) the estoppel in cases like the present does not convey title, but precludes the owner from asserting title for purposes of obtaining possession which would deprive the railroad company of its easement and improvements. (Hendrix v. So. Ry. Co. 130 Ala. 305, 30 So. 596; Southern Ry. Co. v. Hood, 28 So. 665,) and restricts the owner to a suit for damages, (Roberts v. Northern Pacific R. Co. 158 U. S. 1; Railway Co. v. Beck, 119 Ind. 124, 21 N. E. 471;) the damages cannot exceed the value of the property when taken;

*Wm. O. Wilson, George W. Ferguson and Fillius, Fillius and Winters,* in reply.

Knowledge on the part of the owner must either be admitted or proven, and in addition there must either be actual consent or conduct amounting in law to such consent; such is the doctrine of the cases cited by respondent. Where the right of condemnation exists, ejectment will be stayed

to allow the railroad to condemn; (Oliver v. Pittsburg Ry. Co. 131 Pa. 408; Reichert v. St. Louis and S. F. Ry. 51 Ark. 491;) the owner may resort to any remedy known to the law for the protection of his property; (Pittsburg, Ft. W. and Chicago Ry. Co. v. Swinney, 97 Ind. 586, at page 599; Stuart v. Colo. and Southern R. R. Co. 156 Pac. 152;) respondent ignored the record owner and took a conveyance from persons whose title was groundless; there was a total disregard of plaintiff's rights; the authority cited by respondent is not clear and distinguishable in the case at bar; railroads are not exempt from the rule of estoppel. (Lewis on Em. Domain 929; Nichols on Em. Dom. 474;) mere information conveyed by third parties which was ignored by the owner, is not acquiesence, consent or license for the company to proceed; (Aslker v. R. R. Co. 57 Mo. 275; Childs v. Kansas City Ry. Co. 23 S. W. 373; Allegheny Valley R. Co. v. Colwell, 15 Atl. 927; T. P. and W. R. R. Co., v. Darst, 61 Ill. 231, 232, 233; Holloway et al v. Louisville St. L. & T. Co., 17 So. W. 572;) the railroad is required to procure the land by bargain or condemnation; (Minn. St. P. & Ste. M. v. Marble, 70 N. W. 319; Camerson v. Chicago M. & St. P. Ry. 61 N. W. 814; Chicago R. I. & P. Ry. Co. v. Hays, 113 Pac. 315,) ejectment is the proper remedy if elements of estoppel are not proven; (D. & R. G. Ry. Co. v. Doelz, 111 Pac. 595; Denver Santa Fe Railway Co. v. School district, 23 Pac. 978; Galway v. M. E. R. Co. et al, 128 N. Y. 132; Bradley v. Mo. Pac. Ry. Co. 4 S. W. 427; 429; L. St. L. and T. R. Co. v. Rudd, 30 S. W. 604;) it is always proper to stay executions on the judgment in ejectment to allow the railroad to condemn, (Mapes v. Van Dalia Railroad, 238 Ill. 142; Chicago & St. L. R. Co. v. Vaughn, 206 Ill. 234; Lewis on Eminent Domain, 929; Nichols on Eminent Domain, 474; Griswold v. R. R. Co. 12 N. W. 435;) the taking was in violation of the Wyoming Statute, Sec. 3832 C. S. 1910 and of the state constitution, Art. 1, Sec. 6, 32, 35 U. S. Const. Art V.

BEARD, CHIEF JUSTICE.

Plaintiff in the district court, appellant here, alleged in his amended petition, in substance, for a first cause of action, that the defendant was a corporation; that he was the owner of certain lots situated in Central Addition to the town (now city) of Casper, and entitled to the possession of the same. That defendant well knowing that plaintiff was such owner did, on or about October 10, 1910, wilfully and wrongfully take possession of said lots and excluded plaintiff therefrom to his damages in the sum of $5,000.00. For a second cause of action, he averred that about May 1, 1891, one Wright was the owner of the north half of the southeast quarter of section four in township thirty-three north of range seventy-nine west, and on said date laid out and platted said property in lots and blocks as such addition and filed said plat or map in the office of the County Clerk of Natrona County. That Wright conveyed all of said addition to one Champion, Trustee, by deed recorded May 24, 1894. That about March 28, 1883, plaintiff by *diverse mesne* conveyances from said Champion, Trustee, all of which were duly recorded, became the owner of the lots in controversy, and has ever since paid the taxes thereon. That about October 31, 1910, defendant attempted to acquire title to said property by warranty deed from William F. Dunn and Mary A. Dunn, said deed purporting to convey said north half of the southeast quarter of section four. That at the date of the execution of said deed the defendant well knew that said land had been platted into lots, blocks, etc., as said Central Addition to Casper. Alleges the taking of possession by defendant and damages as in the first count, and prays, ''I. For five thousand ($5000) dollars damages suffered by the plaintiff in being deprived of the premises aforesaid by the defendant. 2. For a decree that the plaintiff is the owner of said premises, and that the defendant has no right, title or interest therein, and for recovery of the said premises by the plaintiff, and the ejection of the defendant therefrom. 3. For such other

and further relief as to the court shall seem meet and proper.''

The defendant by its answer denied the allegations of the first cause of action except that it was a corporation. And answering the second cause of action admitted it was a corporation, averred that the Dunns were the owners of the land October 31, 1910, and in possession of the same, and on said date defendant in good faith and for a valuable consideration, and without notice or knowledge of any claim, right or title thereto by plaintiff, acquired from said Dunns by warranty deed, the said premises. Denied the other allegations of said count.

For a further defense, defendant alleged, that at all times mentioned in the amended petition it was and now is a Railroad Company and engaged in the business of a common carrier, inter-state and intra-state for hire. That since October 31, 1910 defendant has been in possession of the lands in question, holding the same adversely to plaintiff under the deed from the Dunns. That since said date the defendant for the purpose of conducting its business as a common carrier for hire, and in good faith without knowledge that plaintiff had any claim or title to the premises, and with the knowledge, acquiesence and consent of plaintiff, has made valuable and lasting improvements thereon exceeding in value the sum of four thousand dollars. That said lands have become a necessary and component part of its railroad, and that to surrender said land to plaintiff would seriously interfere with the operation of said railroad and prevent defendant from performing its duty to the public as a common carrier. That the value of said lands at the time defendant entered into possession of the same and immediately prior to the time it made the improvements thereon did not exceed the sum of two hundred and fifty dollars. Wherefore plaintiff is' estopped from claiming title to said lands.

Plaintiff replied, admitting that defendant is a railroad company engaged in business as a common carrier, and claims title to the lots under the deed from the Dunns, and denying the other allegations of the answer, and alleged that plaintiff has been the undisputed owner of the lots since March 28, 1893, and no action has been brought by defendant or its grantor to recover the title or possession, and pleaded the statute of limitations.

The case was tried to a jury, and after the evidence as to the title to the land was concluded, counsel for defendant made the following statement: "We can see we are liable to some damages for taking the property. We are prepared to put on evidence to show what the damages are. We think it is up to the plaintiff to state what the damages are, which he had not done. At the same time we are anxious to avoid further suit by putting the whole matter before this jury. We realize Mr. Wallace here purchased this property innocently, notwithstanding the fact that all precautions were taken by the officers of the Burlington road right of way men, attorneys, and all others, but still they must pay Mr. Wallace something." The defendant then called a witness, who testified that he had been engaged in the real estate business in Casper since January 1905, and was acquainted with the property in controversy, and that it was a cow pasture enclosed by a wire fence in 1910, without any streets, alleys or marks in it. He was then asked: "In 1910 what was that property worth?" To which counsel for plaintiff made the objection: "Objected to, I object to this testimony for the reason that it is incompetent; irrelevant and immaterial what the lots were worth in 1910, or in 1892, or any other time, for the reason that this is an action in ejectment to recover specific property, and entirely immaterial what the lots were worth in 1910. Absolutely tends to prove no issue involved in this suit." The court overruled the objection, to which ruling the plaintiff excepted. To understand the court's ruling it is necessary to state that while the petition is substantially in form an action in

ejectment the prayer was also for general relief. And the answer alleged the value of the property taken by defendant in 1910, which was denied by the reply. We think the rule has become well settled that when a railroad company having the power of eminent domain, but without exercising the same, has taken possession of land necessary to the conduct of its business, either with or without the consent of the owner, but with his knowledge, and has constructed its road and is operating the same as a common carrier, the land-owner cannot recover possession of the land, but is limited to his action for the damages sustained by reason of such taking. (Roberts v. Northern Pacific Railroad 158 U. S. 1. 11; 15 Supp. Ct. 756; 39 L. Ed. 873; Goodin v. Cincinnati Canal Co., 180. St. 169; 98 Am. Dec. 95; Guernsey v. Northern Power Co., 160 Cal. 699; 117 Pac. (Cal.) 906, 36 L. R. A. (N. S.) 185 and notes; Crescent Canal Co. v. Montgomery 143 Cal. 248, 76 Pac. 1032; 65 L. R. A. 940; Flynn v. Beaverhead County 49 Mont. 347; 141 Pac. (Mont.) 673; Miller and Lux v. Enterprise C. & L. Co. 169 Cal. 415; 147 Pac. 576; Stuart v. Colorado Eastern R. Co., 61 Colo. 58; 156 Pac. 152; State ex rel Twiss v. Superior Court 93 Wash. 429; 161 Pac. 68; 9 R. C. L. 860, Sec. 29; 15 CYC. 999.) In the present case there was at least a question as to the validity of plaintiff's title under the evidence contained in the record. But we are relieved from deciding that question by the statement of counsel for defendant above quoted; but the evidence is sufficient to show good faith on the part of defendant in attempting to acquire title to the property in 1910, and in accepting a warranty deed from Dunn and wife. It is also sufficient, in our opinion, to warrant the conclusion that plaintiff knew that the road was being constructed over the land. The defendant had taken possession of the lots under the deed from Dunn, was engaged in constructing its road and in making other improvements necessary to its operation and had expended several thousand dollars therefor long before this action was commenced. Open, notorious and con-

tinued possession of real estate under color of title is suffi-
cient evidence of notice to the owner to start the running
of the statute of limitations in favor of an adverse claim-
ant. (Black v. Tenn. Coal, Iron & R. R. Co. 93 Ala. 109;
9 South 537; Murray v. Hoyle 92 Ala. 559; 9 South 368;
King v. Carmichael 136 Ind. 20; 35 N. E. 509; 43
Am. St. Rep. 303; Wilson v. Williams' heirs 52 Miss.
487; Close v. Samm 27 Ia. 503; Key v. Jennings
66 Mo. 356; Craig v. Cartwright 65 Tex. 413; Davis
v. Baugh 59 Cal. 568; 1, CYC 998; 1 A & E Enc.
Law, 832, *et. seq.*) We think that rule is applicable
to a case like the present one to the extent of tending to
prove such knowledge and assent to the possession by the
defendant as to prevent the recovery of the possession of
the premises, and to remit plaintiff to an action for damages.
In this case it further appears that on December 8, 1914,
more than two years before this action was commenced, an
agent of plaintiff, residing in Casper, wrote to the defend-
ant stating that plaintiff was the owner of the lots and ask-
ing if the Company wished to purchase them. The defend-
ant replied making an offer for them. No further negotia-
tions seem to have taken place between the parties. There
is also another significant fact tending to support the con-
clusion of knowledge on the part of plaintiff. The reply
denying knowledge of the possession by defendant was not
verified by him, but by one of his attorneys, and although
the evidence showed the open and notorious character of
defendant's possession, and the above referred to corres-
pondence was introduced in evidence, the plaintiff being
present at the trial and testifying in his own behalf that he
resided in Colorado and had never been to Casper and had
never seen the lots until the time of the trial, he did not
deny actual knowledge or information of defendant's pos-
session from the time it took possession, which plaintiff
alleged and defendant admitted was October 1910. Plain-
tiff having made no objection and having taken no action
until long after the road was constructed and in operation,

the case comes clearly within the rule first herein stated, and the district court correctly ruled that plaintiff was not entitled to recover possession of the premises. In that situation of the case, the plaintiff having offered no evidence in support of his claim for damages, there was but one of two courses for the court to pursue, viz: either direct a verdict for defendant, or proceed with the case as an action for damages. The court took the latter course and directed the case to proceed as an action in the nature of an action in condemnation. The Supreme Court of Colorado in Stuart v. Colorado Eastern R. Co. 156 Pac. 152-156, in considering a somewhat similar case said: "In such cases in some states a suit in the nature of an action in equitable ejectment may be brought to compel condemnation and payment; in other states the action is termed trespass to try title, similar to ejectment; in other jurisdictions injunction may be resorted to in the first instance, which is converted into a condemnation proceeding; while in others the owner may bring a direct action in the nature of an action in condenmation. But the form or name of the action is immaterial. Such actions are all akin to condemnation suits, and are to compel condemnation and payment for the right of way taken and the damages occasioned by the taking." In this case the defendant pleaded, and introduced evidence to the effect that this land was necessary for railroad purposes, and alleged the value of it when taken. There does not seem to be any substantial reason why, under the pleadings in the case, the just compensation guaranteed by the constitution to the plaintiff could not be awarded in this action as well as in another suit, and thus avoid a multiplicity of actions. Plaintiff, however, was content to rest his case solely upon the proposition that he was entitled to a judgment for possession, and declined to offer any evidence as to the value of the land taken. The defendant then proved the value of the land in 1910 when it took possession; and the court instructed the jury to return a verdict in favor of plaintiff for the value so proven, with interest

from October 31, 1910, which it did, and the court rendered judgment accordingly. Plaintiff's contention in this court is that he was entitled to judgment for possession, the enforcement of which judgment he conceded should be stayed for a reasonable time to allow defendant to bring condemnation proceedings, in which case he should recover not only the value of the land taken, but also the value of the improvements placed thereon by defendant. In other words he insists that the defendant should forfeit to him the improvements and then pay him their value. That we do not consider either the law, equity, or justice. Holding as we do that under all of the circumstances disclosed by the record it sufficiently appears that the railroad company in good faith under color of title took possession of the premises and made the improvements thereon; and that the evidence is sufficient to establish notice to plaintiff of such occupation, and without objection on his part. He is not, therefore, entitled to more than the value of the land at the time it was taken with interest from that date, but not to the value of the improvements. The just compensation to which he is entitled and which is guaranteed to him by the constitution, is payment for what he has lost and no more. As said by the Supreme Court of Illinois in C. & A. R. R. Co. v. Goodwin 111 Ill 273, 53 Am. Rep. 622: ''The just compensation required to be given is for that which is taken from the owner, and which is of value to him, and not for something he never owned.'' It would unnecessarily extend this opinion to cite and review the large number of decisions we have examined on this subject, and we shall cite only the case of (J. T. & K. W. Ry. Co. v. Charles S. Adams, 28 Fla. 631, 10 South 465; 14 L. R. A. 533) in the opinion of which case many decisions on the question are reviewed. The plaintiff was deprived of the possession of his land in 1910, and by his inaction has lost the right to recover possession. Under the particular circumstances of the case, just compensation for his loss is the value of the land at the time it was taken, with interest from that date.

That amount he was awarded by the judgment. The judgment of the district court is affirmed.

*Affirmed.*

POTTER, J., and BLYDENBURGH, J. J. concur.