BACON *et al.* v. FELT *et al.*

(*Circuit Court, N. D. Iowa, W. D.* May 25, 1889.)

1. REMOVAL OF CAUSES—QUIETING TITLE—SEPARABLE CONTROVERSY.
    A bill to quiet title requiring each of several defendants to set up any claim or right he may have, or be forever barred from so doing, and seeking an accounting for rents and profits, does not present a single controversy, and the fact that it contains, under the provisions of a state statute, an averment that defendants make some claim under a certain administrator's deed does not limit the issues to that single source of title.

2. SAME.
    A petition for removal, filed by a railroad company, one of the defendants, averring that petitioner was a corporation created under the laws of Wisconsin; that complainants were citizens of Massachusetts; that the other defendants were citizens of states other than Massachusetts; that petitioner was the sole owner of a part of the land in dispute, and was in sole possession thereof; and that none of the other defendants had or claimed any interest therein,—shows a separable controversy between complainants and the petitioner, and entitles the latter to a removal.

3. SAME—REMAND TO STATE COURT.
    Dismissal of the suit as to the railroad company, and striking from the bill all portions asking an accounting with the defendants separately for rents and profits do not entitle complainants to a remand, as the controversy is still within the jurisdiction of the court, the parties being citizens of different states.

4. SAME—EQUITY—ADEQUATE REMEDY AT LAW.
    Nor will the cause be remanded on the ground that there is ample remedy at law and the suit was brought in equity, as the averments being that complainants are owners of an undivided two-thirds and that defendants are in possession of the whole tract, a suit in equity was necessary; also, if this were not so, the cause being brought properly in equity under the state statute, the pleadings could be reformed and the cause transformed into an action at law; and again, if this were not allowed, the bill would be dismissed rather than the cause remanded.

Bill to Quiet Title.  Motion to remand.

*Hubbard, Spaulding & Taylor,* for complainants.

*O. J. Taylor* and *H. H. Field,* for Chicago, Milwaukee & St. Paul Railway Company.

*Marks & Mould* and *Lawrence & Burd,* for Felt and others.

SHIRAS, J.  The complainants as heirs at law of M. W. Bacon, deceased, brought this suit in the district court of Woodbury county, Iowa, for the purpose of quieting their title to certain realty situated in Woodbury county.  In the amended bill filed the complainants averred that in August, 1856, Moses W. Bacon died intestate seised in fee of the realty in question, leaving the complainants his heirs at law, whereby they became seised in fee of two-thirds of said realty; that the defendants make some claim adverse to the title and estate of complainants and are now in possession of said realty; that said defendants claim title under a certain pretended administrator's deed executed by one Horace C. Bacon, as administrator of the estate of Moses W. Bacon, to one Luther C. Cole, by virtue of an order of the county court of Woodbury county, Iowa, made on the 15th day of December, 1858; that said order and deed based thereon are void, for reasons set forth in the bill. The bill concludes with a prayer that plaintiffs' title be established; that the defendants be barred from asserting any title or claim adverse to plaintiffs; that the defendants be required to account for the rents and profits by them received respectively; and for other and further relief. To this bill the Chicago, Milwaukee & St. Paul Railway Company, with others, was made a party defendant, and at a proper time the company filed a petition and bond for the removal of the cause into the federal court averring in the petition that the company was a corporation created under the laws of the state of Wisconsin; that the complainants, when the suit was brought and ever since, were citizens of Massachusetts, and the other defendants were and continue to be citizens of states other than Massachusetts; that the petitioner was the sole owner of a part of the realty in dispute, and was in sole possession thereof; and that none of the other defendants had or claimed any interest therein, and that the value thereof exceeded $2,000, and upon the ground of the suit involving a separable controversy between complainants and the railway company, a removal thereof was prayed.  Upon the filing of the transcript in this court, a motion was made to remand the cause, on the ground that it was not removable, and this court was without jurisdiction.  In support of the motion, reliance was had upon the cases of *Railroad Co.* v. *Ide,* 114 U. S. 52, 5 Sup. Ct. Rep. 735; *Pirie* v. *Tvedt,* 115 U. S. 41, 5 Sup. Ct. Rep. 1034, 1161, and other cases based thereon, wherein the supreme court holds that where a cause of action, whether on contract or in tort, is joint or joint and several, and is declared on jointly, the defendants cannot, by pleading separately or averring separate defenses, make the cause of action separable into distinct controversies within the meaning of the removal act.

The present case does not come within the principle of these decisions.

The bill to quiet title was not filed to settle a single controversy. It was filed for the purpose of adjudicating any and all adverse titles held by the defendants and each of them. It calls upon the defendants and each of them to set up every claim or source of right or title held by them. The fact that the bill, under the provisions of the state statute, contains an averment that defendants make some claim under the administrator's deed to Luther C. Cole does not limit the issues to that single source of title. If any of the defendants hold or claim any title or right, no matter what its source or foundation, to any portion of the property, it must be set up in defense, or the decree will bar the right to hereafter rely upon it. Thus, in response to the bill as filed, some of the defendants may rely upon a title derived through the administrator's deed to Cole and possession based thereon; others may plead a title derived from the swamp land act; others, a title based upon a railroad grant from the United States; others, a title derived from Moses W. Bacon during his life-time; others, a title based upon valid sales of the land for delinquent taxes; and, finally, the railway company might set up a right to an easement in the premises based upon the exercise of the power of eminent domain in obtaining the right of way over the premises. The bill, therefore, does not present a single controversy within the rule given in the cases above cited, but on the contrary it requires each defendant to set up any claim or right he may have, or be forever barred from so doing, and is therefore framed for the purpose of including in one suit as many separable controversies as the defendants may be able to assert. The petition for removal shows that the railway company claims title to a portion of the realty; that it is the sole owner thereof; and that none of the other defendants are interested therein, nor are they in possession thereof. Upon the face of the record, therefore, it appears that the railway company has a separable controversy with complainants. The company claims title to a portion only of the premises, and does not assert any claim to any other part of the property. A decree barring the rights of the other defendants in the portion of the property not claimed by the railway company would not settle the controversy between the company and complainants, nor would a decree settling the controversy between the latter determine the rights of the other defendants in the realty not claimed by the company. A separable controversy, therefore, existing between complainants and the company, the latter had the right to remove the suit into this court, and the motion to remand must be overruled.

---

### ON SECOND APPLICATION.

SHIRAS, J. Upon the announcement of the ruling upon the motion to remand, the complainants dismissed the suit as to the Chicago, Milwaukee & St. Paul Railway Company, and also struck from the bill all portions thereof asking an accounting with the defendants separately for the rents and profits of the realty, and thereupon complainants renewed

the motion to remand upon the ground of want of jurisdiction, citing in support thereof the case of *Transportation Co.* v. *Seeligson*, 122 U. S. 519, 7 Sup. Ct. Rep. 1261. In that cause it appeared that Seeligson, a citizen of Texas, sued the Texas Transportation Company, A. C. Hutchinson, and others, all citizens of Texas, in the circuit court of Harris county, Texas, and subsequently made C. P. Huntington, a citizen of New York, a party defendant. The latter removed the cause into the federal court, on the ground that there was involved a separable controversy between himself and complainant. In the United States circuit court Seeligson dismissed the bill as to Huntington, and then moved to remand the case, which motion the court granted, and on appeal the supreme court affirmed the ruling, holding that under the act of 1875 it was the duty of the court to remand the case at any time when it appeared that "the suit did not really and substantially involve a dispute or controversy properly within its jurisdiction." It will be noticed that in that cause, after the dismissal of the bill as to Huntington, the controversy left pending was between citizens of the same state, of which the United States court could not, under any circumstances have taken jurisdiction. In the case at bar, by the action of the railway company in removing the cause the entire suit was rightfully brought into this court and jurisdiction over the same attached. When the bill was dismissed as to the railway company, the controversy left pending was between complainants, citizens of Massachusetts, and defendants, who are citizens of Iowa and states other than Massachusetts. The remaining controversy is between citizens of different states of which the circuit court would have jurisdiction, had the suit been originally filed in this court. It is not true therefore, as it was in the *Seeligson Case*, that the suit after the dismissal as to the removing defendant does not involve a controversy properly within the jurisdiction of the United States court; and unless it appears that the remaining controversy is not within the jurisdiction of the court, the jurisdiction having once rightfully attached, will continue.

It is also urged against the jurisdiction of the court that the suit was brought in equity, but that there is a complete remedy at law, and therefore it should be remanded. Under the provisions of the state statute, the suit was properly brought in equity, notwithstanding the fact that it is averred that the defendants are in possession. Upon the removal of such a cause into this court, if under the rules governing this court the case should be proceeded in at law instead of in equity the parties are accorded leave to reform the pleadings and transform the cause into an action at law. Was this not so, it would not be a ground for remanding the cause to the state court, but would be ground for dismissing complainants' bill, a result which would hardly be satisfactory to the parties now questioning the jurisdiction of the court. But it does not appear in this case that it is one not cognizable in a court of equity. The averments of the bill are to the effect that the complainants are the owners of the undivided two-thirds of the realty, and that the defendants are in the possession of the entire property. An action of eject-

ment, therefore, would not lie in the premises, and a proceeding in equity is clearly necessary to settle the rights of the parties. The motion to remand is overruled.