### BATES v. CARPENTIER et al.

(Circuit Court, N. D. California. December 4, 1899.)

#### No. 12,818.

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—SUIT TO QUIET TITLE.
  A suit to quiet title, brought in a state court. against a number of defendants, for the purpose of obtaining an adjudication of all claims adverse to complainant which may exist in favor of any of the defendants, is severable as to each defendant; and a defendant who is a citizen of a different state from complainant may remove the cause, as against him, to the federal court, where the requisite amount is involved.[1]

On Motion to Remand to State Court.

Freeman & Bates, for plaintiff.
George Leviston, for defendant Carpentier.

MORROW, Circuit Judge. This action was first brought in the superior court of the city and county of San Francisco, state of California, by the plaintiff, a citizen of said city, county, and state, against the defendants, to quiet title to certain described real property situated in said city and county of San Francisco, upon the averment that "the defendants claim some estate, right, title, and interest

[1] For separable controversy on ground of federal jurisdiction, see note to Robbins v. Ellenbogen, 18 C. C. A. 86, and, supplementary thereto, note to Mecke v. Mineral Co., 35 C. C. A. 155.

in and to said property adverse to the plaintiff, the nature of which claim and interest is not to the plaintiff more fully known." Publication of summons was allowed by the court upon the affidavit of the plaintiff that the defendants Carpentier and McDonald were, and had been for more than six months, nonresidents of this state. The defendant Carpentier appeared by way of demurrer to the complaint, and at the same time filed a petition for removal of the cause to the circuit court of the United States for this district; stating as grounds therefor the diverse citizenship of the plaintiff and himself, and that the cause of action set up by the plaintiff presented a separable controversy as to the petitioner. The state court granted this petition, and the action was accordingly removed to this court. Plaintiff has moved to remand the cause to the state court on the ground that all of the defendants are not nonresidents of this state, and that the circuit court has not jurisdiction thereof.

By the act of March 3, 1887, as amended by the act of August 13, 1888 (25 Stat. 433), governing the removal of causes from state courts, it is provided in section 2:

"Any other suit [than one arising under the constitution, laws, or treaties of the United States] of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district, by the defendant or defendants therein, being non-residents of that state. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."

It has been repeatedly held that, under this statute, the failure of any of the defendants to join in the petition is fatal to the right of removal, when there is no separable controversy. Rogers v. Van Nortwick (C. C.) 45 Fed. 513; Thompson v. Railway Co. (C. C.) 60 Fed. 773; Railroad Co. v. Townsend (C. C.) 62 Fed. 161; Mitchell v. Smale, 140 U. S. 406, 11 Sup. Ct. 819, 840, 35 L. Ed. 442. The question to be determined is, therefore, does the action before the court present a separable controversy between the plaintiff and the defendant Carpentier? It is said in Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528, and cases therein cited, that, in order to justify a removal of a cause on the ground of a separate controversy between citizens of different states, "the whole subject-matter of the suit must be capable of being finally determined as between them, and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit." In Goldsmith v. Gilliland (C. C.) 24 Fed. 154, it was decided that a suit to quiet title to real property presented a subject-matter capable of such separable determination, and, "where a number of persons claim undivided interests in real property adversely to one in possession of the same, the latter may maintain a suit to quiet his title against any or all of such claims, and neither of said persons or adverse claimants is a necessary party to a suit for that purpose against the other." The plaintiff herein seeks to settle in one proceeding any and

all adverse claims asserted by any and all parties against the title to certain real property, and he contends that a defendant has no right to say that an action shall be several, which the plaintiff has elected to make a joint one against a number of persons; relying upon the cases of Railroad Co. v. Ide, 114 U. S. 52, 5 Sup. Ct. 735, 29 L. Ed. 63; Pirie v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161, 29 L. Ed. 331; Deere v. Railroad Co. (C. C.) 85 Fed. 878; and decisions in suits upon creditors' bills. But the plaintiff does not aver that all the defendants claim title to the realty jointly, or under one common source of title. He brings the various named defendants into the suit for the purpose of determining and adjudicating each and every claim or interest they may set up adverse to his own, no matter how diverse or opposed to each other. And where an action is brought by one plaintiff against several defendants, not because they claim any joint interest or are subject to any joint liability in respect to the subject-matter of the action, but merely for convenience, it will generally be capable of resolution into separable controversies between the plaintiff and the individual defendants. Black, Dill. Rem. Causes, § 148. A bill in equity to quiet title to real property, brought under the above conditions, has been decided to include a separable controversy with each of the defendants, so that, if one of them is a nonresident, he may remove the suit. Field v. Lownsdale, Deady, 288, Fed. Cas. No. 4,769; Goodenough v. Warren, 5 Sawy. 494, Fed. Cas. No. 5,534; Stanbrough v. Cook (C. C.) 38 Fed. 369. In the case of Bacon v. Felt (C. C) 38 Fed. 870, the issue is almost identical with the one under consideration. The complainants sought in the district court to quiet title to certain realty against a number of defendants, and upon the petition of one of the defendants, as a nonresident, claiming the existence of a separable controversy, the cause was removed to the United States circuit court. Complainants moved to remand the cause on the ground that the circuit court was without jurisdiction, and in support of the motion relied upon the same authorities cited by the plaintiff herein. The court held that the case did not come within the principle of those decisions; that the bill to quiet title was not filed to settle a single controversy, and did not present a single controversy, within the rule given in the cases cited, but, on the contrary, required each defendant to set up any claim or right he might have, or be forever barred from so doing, and was therefore framed for the purpose of including in one suit as many separable controversies as the defendants might be able to assert. The motion to remand was denied. The reasoning of these authorities is applicable to the removal in question, and, in accordance with such opinions, the motion to remand is denied.