CAROTHERS v. McKINLEY MINING & SMELTING CO. et al.

(Circuit Court, D. Nevada. July 7, 1902.)

No. 725.

**1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—SUIT TO QUIET TITLE.**
    A suit to quiet title, brought in a state court against a number of defendants, for the purpose of obtaining an adjudication of all claims

---

¶ 1. Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Mineral Co., 35 C. C. A. 155.

adverse to complainant which may exist in favor of any of the defendants, and in which the bill contains no averment that defendants claim through a common source of title or of right, is severable as to each defendant, and a defendant who is a citizen of a different state from complainant may remove the cause as against him unto the federal court.

On Motion to Remand to State Court.

E. V. Higgins, for plaintiff.

A. E. Cheney and Oscar J. Smith, for defendants McKinley Mining & Smelting Co. and others.

HAWLEY, District Judge (orally). This suit was brought in the state court. Thereafter, upon the application of nonresident defendants, it was removed to this court. Plaintiff moves to remand the cause to the state court on the ground that this court is without jurisdiction to hear and determine the cause. The legal phase of the questions raised by the motion calls for a brief statement of the nature of the suit as gleaned from the complaint and matters set forth in the petition for removal.

The suit is in the nature of a bill to quiet title to the "Fair Play," formerly called the "Saxton," mining claim, situate in White Pine county, state of Nevada. It is averred in the complaint that the plaintiff is a resident and citizen of White Pine county, Nev., and that he is now, and since October 16, 1890, "has been, in the open, notorious, peaceable, adverse, and, except as hereinafter stated, the exclusive, possession and occupation, according to the laws and customs of the mining district therein situated," of the mining claim in question, particularly describing it by metes and bounds; "that this plaintiff is the sole and absolute owner of the aforesaid premises; that the said defendant McKinley Mining & Smelting Company is a foreign corporation, organized under the laws of the state of New York; that the aforesaid defendant claims an estate or interest in the aforesaid premises adverse to this plaintiff, and that, in pursuance to said pretended claim, it has at divers times since August 1, 1901, wrongfully and without right gone onto said premises and sunk shafts thereon and extracted valuable ores therefrom; * * * that the defendant Canton Mining Company is a corporation organized under the laws of the state of Ohio, and that the defendants Mrs. William McKinley and Mrs. Marshal Barber are residents of the state of Ohio; * * * that the said defendants * * * claim an interest in the aforesaid property adverse to the said plaintiff; that the claim of the said defendants, and each of them, is without any right whatever, and that the said defendants have no estate, right, title, or interest whatever in said land or premises or any part of them; * * * that the defendants Catherine Carothers, Alice Carothers Buntin, Virginia J. Carothers, and Ida Carothers are each and all citizens and residents of the state of Nevada; that they each claim an interest in the aforesaid premises adverse to that of this plaintiff; that the claim of said defendants, and each of them, if any such they have, is subject and inferior to that of this plaintiff." Plaintiff prays for judgment that "the defendants,

and each of them, be required to set forth the nature of their claim, and that all adverse claims of the defendants, and each of them, be determined by a decree; * * * that the defendant McKinley Mining & Smelting Company be forever restrained and enjoined from hereafter entering upon or extracting ore from said premises; * * * that all of the defendants be forever enjoined and debarred from asserting any claim whatever in or to said land and premises adverse to this plaintiff."

The Canton Mining Company, Mrs. William McKinley, and Mrs. Marshal Barber, in their petition for the removal of the cause, among other things aver "that the rest of the said defendants, to wit, Catherine Carothers, Alice Carothers Buntin, Virginia J. Carothers, and Ida Carothers at the time of the commencement of this suit were, and now are, * * * sisters or other near relatives of the said plaintiff, and that none of said last-named defendants have any interest in the subject-matter in dispute in this suit, except such as is adverse and hostile to the rest of the said defendants and in common with said plaintiff, and that said Catherine Carothers, * * * and each of them, if proper parties to this suit at all, are parties plaintiff, and that they, and each of them, are fraudulently and improperly joined as parties defendant for the sole purpose of defeating the right of your petitioners and the others of said nonresident defendants to remove this cause to the United States circuit court; * * * that said Catherine Carothers, * * * or either of them, are not necessary parties to a controversy between plaintiff and your petitioners; * * * that there is a controversy herein between citizens of this state and of another state * * * which is a separable controversy; that said McKinley Mining & Smelting Company claims an interest in said property under and through your petitioners, and the title and claim of said McKinley Mining & Smelting Company and of your petitioners is and has been by, through, and under one and the same patent of the government of the United States to the mining ground and premises in controversy, and that the only title and claim of plaintiff set forth in said plaintiff's complaint is one of adverse possession, and the only claim and title or defense which said Catherine Carothers * * * or either of them has, if they have any at all, is also one of adverse possession to said mining ground or premises or some portion thereof; * * * that the sole controversy in this suit is between said plaintiff and said Catherine Carothers, * * * all citizens and residents of the state of Nevada, upon one side, and your petitioners and McKinley Mining & Smelting Company, citizens and residents of other states other than the state of Nevada; * * * that if the said plaintiff has any cause of action against said Catherine Carothers * * * it is a separate cause of action from any which plaintiff has against your petitioners and the said McKinley Mining & Smelting Company, defendants, or either of them." These averments are not denied by the plaintiff.

The jurisdictional amount as to the value of the property involved is admitted.

The petition for removal was based upon two distinct grounds: (1) Diversity of citizenship between the parties; and (2) a separable con-

troversy between the plaintiff and the petitioners. If either of these grounds can be sustained, under the provisions of the statute giving the right of removal, the motion to remand should be denied.

Does the complaint present such a separable controversy as, under the statute, gives the right to petitioners to remove the cause, independent of the question of the citizenship of other parties defendant herein? In order to justify such a removal on the ground of a separable controversy between citizens of different states, there must be, by the very terms of the statute, a controversy which can be fully determined as between them, and the whole subject-matter of the suit must be capable of being finally determined as between them, and complete relief afforded as to the separate cause of action without the presence of others made parties to the suit. The words "separable controversy" are not identical in signification with "a separate cause of action."

If the present case is separable into different parts,'so that in one part or portion of the complaint a controversy is presented with citizens of one state on one side, and citizens of other states on the other side, which can be fully heard and determined without the presence of the other parties to the suit, it would present a separable controversy between them, although there was only one general cause of action alleged against all of the defendants.

It has frequently been held, not only in cases of joint contracts, but in actions for torts which might have been brought against all or against any one of the defendants, though separate answers by the several defendants sued on joint causes of action may present different questions for determination, they do not necessarily divide the suit into separate controversies; that a defendant has no right to say that an action shall be several which plaintiff elects to make joint; that the cause of action is the subject-matter of the controversy; and that is for all the purposes of the suit whatever the plaintiff declares it to be in his pleadings. Torrence v. Shedd, 144 U. S. 527, 530, 12 Sup. Ct. 726, 36 L. Ed. 528, and authorities there cited.

It follows from these general principles that where a cause of action, whether on a contract or in tort, is joint, or joint and several, and is declared on jointly, the defendants could not, by alleging separate defenses, make the cause of action separable, within the meaning of the removal act. But in the present case the plaintiff did not elect to make his cause of action joint against all of the defendants. His bill of complaint to quiet title was not filed to settle a single controversy. The suit was brought for the purpose of settling any and all adverse titles held by each of the defendants. It calls upon them, under appropriate averments, to set up each and every claim, demand, or source of right or title held by them or each of them. There is no averment that the defendants claim under any common source of title or of right. The defendants are not jointly mentioned, except by groups, viz.: (1) Canton Mining Company, Mrs. McKinley, and Mrs. Barber, (2) McKinley Mining & Smelting Company, and (3) the Carothers family. There is no averment that the defendants mentioned in the first group are jointly interested in any way with the defendants mentioned in the third group. From these averments it is

manifest that this case does not come within the principles announced in Torrence v. Shedd, supra, or of any of the authorities therein cited, which are relied upon by plaintiff herein as sustaining his motion. This case is distinguished from them in that it is for a different cause of action, as well as upon different averments in its complaint. An examination of the authorities cited by the respective parties herein will show that the cause of action of itself is treated as showing, or tending to show, that the point in controversy is or is not separable. It would, perhaps, be difficult to harmonize the views expressed by the different judges in this particular; but, confining myself to the facts of this case, I am of opinion that such a separable controversy between the plaintiff and the petitioners exists as to justify the removal of the cause, and that this court has jurisdiction to hear and determine the same.

In Bacon v. Felt (C. C.) 38 Fed. 870, 872, Judge Shiras held, under a statement of facts very similar to the present case, that a bill to quiet title requiring each of several defendants to set up any claim or right he may have, or be forever barred from so doing, and seeking an accounting for rents and profits, does not present a single controversy, but on the other hand shows a separable controversy between complainants and the petitioner which entitles the latter to a removal.

In Stanbrough v. Cook (C. C.) 38 Fed. 369, 3 L. R. A. 400, where a plaintiff, a citizen of New York, brought his action in Iowa for the recovery of the immediate possession of certain realty and damages for injury to buildings and for conversion of crops, and citizens of Iowa and Vermont were made defendants, it was not shown that they claimed title jointly or under a common source or had committed the injury jointly, but the petition was drawn under the Iowa statutes for settling all adverse claims of title on the part of any and all the defendants, and an amended petition set out that certain of the Iowa defendants had executed a lease in their own right to the other Iowa defendant, and that he held possession under this lease, the court held that there was a separable controversy between the plaintiff and the Iowa defendants which was removable on the application of the alleged lessee.

In Bates v. Carpentier (C. C.) 98 Fed. 452, which is identical with the case at bar, Judge Morrow decided that a suit to quiet title, brought in a state court, against a number of defendants, for the purpose of obtaining an adjudication of all claims adverse to complainant which may exist in favor of any of the defendants, is severable as to each defendant, and a defendant who is a citizen of a different state from complainant may remove the cause as against him to the federal court.

The opinions in these cases cite and review many of the authorities relied upon by plaintiff, and point out the distinction existing in the different character of suits. The principle announced in the cases I have cited accords with my own views upon the subject.

The conclusion reached upon this point renders it unnecessary to discuss the other questions presented by the record. The motion to remand is denied.