McMULLEN v. HALLECK CATTLE CO. et al.

(Circuit Court, D. Nevada.   May 6, 1910.)

No. 1,110.

REMOVAL OF CAUSES (§ 52*)—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSY.

Plaintiff sued to quiet title to the use of a portion of the waters of a creek, making defendants a cattle company and nine others arranged in groups. The cattle company was a nonresident. The complaint contained no allegation indicating that its use or appropriation of the water, or its claim of title thereto was in any way connected with the use, claim, or appropriation of any other defendant or defendants except that each defendant was interested in the same stream, the waters of which were insufficient to answer the aggregate demands of all, nor did it appear that the cattle company used any ditch or dam or irrigated any land in connection with any other defendant or defendants. *Held*, that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

there was a separable controversy between plaintiff and the cattle company, and that the suit was removable as to it.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 102, 103, 105; Dec. Dig. § 52.*

Separable controversy as ground for removal of cause, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

In Equity. Action by Samuel McMullen against the Halleck Cattle Company and others. The Halleck Cattle Company caused the suit to be removed on the ground of diversity of citizenship as involving a separable controversy between itself and plaintiff, and plaintiff moves to remand. Denied.

Lewers & Henderson, for complainant.

Lent & Humphrey, for Halleck Cattle Co.

Cheney, Massey & Price, C. L. Harwood, and F. S. Gedney, for defendants Helena P. Johnston, Horace Lane, and Alice Lane.

B. R. McCabe, for defendants Charles Wells, Anna Wells, Jesse Parker, Thomas Earl, John Goodale, and Henry Goodale.

FARRINGTON, District Judge. It appears that one of the defendants, the Halleck Cattle Company, is a California corporation, while all other parties to the suit are citizens and residents of the state of Nevada. The Halleck Cattle Company caused the suit to be removed to this court on the ground that it involves a separable controversy between itself and plaintiff. The existence of such a controversy is the only question to be determined on plaintiff's present motion to remand. The suit was brought to quiet plaintiff's title to the use of the first 25 cubic feet per second of the waters flowing in Boulder creek, a natural surface stream of water, situated in Elko county, Nev. Beside the Halleck Cattle Company, there are nine defendants arranged in three groups. The complaint contains no allegation which in any manner indicates that Halleck Cattle Company's use or appropriation of the waters of the creek, or its claim of title thereto, is in any way connected with the use, claim, or appropriation of any other defendant or defendants, except that each defendant is interested in the same stream, the waters of which are insufficient to answer the aggregate demands of all. Furthermore, it does not appear that the company used any ditch or dam or irrigated any land in connection with any other defendant or defendants.

In Carothers v. McKinley Mining & Smelting Co. (C. C.) 116 Fed. 947, the plaintiff sought to quiet his title to a mining claim in White Pine county as against a number of defendants, each of whom, it was alleged, claimed an interest in the premises, adverse to plaintiff. The defendants did not claim under any common source of title or right, and were not jointly mentioned except by groups. Judge Hawley decided there was a separable controversy. In Bates v. Carpentier (C. C.) 98 Fed. 452, Judge Morrow in a similar case held that a suit to quiet title brought in a state court against a number of defendants for the purpose of obtaining an adjudication of all claims adverse

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to complainant which may exist in favor of any of the defendants is severable as to each defendant, and a defendant who is a citizen of a different state from the complainant may remove the cause against him to the federal court.

I am unable to distinguish the present case, in principle, from the two last cited. True, in the cited cases the subject-matter was land, instead of water, but the object in each was to settle and determine adverse claims and title. The principle involved is the same. The rule is thus stated by Mr. Justice Waite in Fraser v. Jennison, 106 U. S. 191, 194, 1 Sup. Ct. 171, 174 (27 L. Ed. 131):

> "To entitle a party to a removal under the second clause of the second section of the act, there must exist in the suit a separate and distinct cause of action, on which a separate and distinct suit might properly have been brought and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different states from those on the other. Hyde v. Ruble, 104 U. S. 407 [26 L. Ed. 823]. To say the least, the case must be one capable of separation into parts, so that, in one of the parts, a controversy will be presented with citizens of one or more states on one side, and citizens of other states on the other, which can be fully determined without the presence of any of the other parties to the suit as it has been begun."

The present case can be separated into parts so as to leave a separate and distinct cause of action between Samuel McMullen, a citizen of Nevada, and Halleck Cattle Company, a citizen of California. On this cause of action a separate and distinct suit could have been brought, and the full nature and extent of the company's claim to the use of said 25 cubic feet per second of the waters of Boulder creek could be determined as against complainant, without the presence of any other defendant as party to the controversy.

The motion to remand must be denied.