**DELANY et al. v. STAUTBERG et al.**

Civ. A. No. 1517.

United States District Court

S. D. Texas, Galveston Division.

April 16, 1953.

Markwell & Stubbs, of Galveston, Tex., Theodore B. Stubbs, Galveston, Tex., for plaintiffs.

Fountain, Cox & Gaines, of Houston, Tex., Joyce Cox, Houston, Tex., for defendants.

KENNERLY, Chief Judge.

Seeking to recover title and possession of 100 acres of land in this District and Division, Plaintiffs filed this suit in a State Court under the Texas Trespass to Try Title Statutes, Title 124 of Vernon's Texas Civil Statutes, art. 7364 et seq., and Texas Rules of Civil Procedure, Nos. 783 to 809. Plaintiffs' petition is framed as provided in Rule 783.

There is alleged to be diversity of citizenship between all plaintiffs and all defendants, with the following exceptions:

(a) Plaintiff William Wallace and defendants Eugene C. Moats and N. S. Moats are all alleged to be citizens of the State of Colorado.

(b) Plaintiffs George B. Delany, Russell H. Markwell, Theodore B. Stubbs, and John W. Mecom, and defendant A. T. Stautberg are all alleged to be citizens of the State of Texas.

Claiming the right to do so under Section 1441(c) of Title 28 of the present Code of Judiciary and Judicial Procedure, defendants other than A. T. Stautberg have removed the case into this Court. Claiming the case is not removable, plaintiffs have moved to remand. This is a hearing on such Motion to Remand.

■ 1: Under the Law, Section 71, Title 28 U.S.C.A., as it was prior to September 1, 1948 (the effective date of the present Code of Judiciary and Judicial Procedure), it seems settled that, generally speaking, a suit such as this under the Trespass to Try Title Statute of Texas was not removable.[1] Lomax v. Foster Lumber Co., 5 Cir., 174 F. 959. Murphy v. Johnson, D.C., 49 F.2d 410. The case of Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334, decided under the Law as it was prior to September 1, 1948, while not precisely in point, is in point in principle. However, as stated, this case involves a construction of the present Statute, Section 1441(c),[2] Title 28, of such Code.

American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 540, 95 L.Ed. 702, is probably the leading case. Finn, a citizen of Texas, suffered the loss of her building by fire. In an effort to recoup her loss, she sued in a State Court the American Fire & Casualty Company, a citizen of Florida (for brevity called "American"), and the Indiana Lumbermens Mutual Insurance Company, a citizen of Indiana (for brevity called "Lumbermens"), and Joe Reiss, a citizen of Texas. She alleged that American was liable for such loss under a fire insurance policy issued by it. In the alternative, she alleged that Lumbermens was liable for such loss under a fire insurance policy issued by it. Still in the alternative, she sued all three defendants, jointly and severally, alleging that both American and Lumbermens were liable as stated, and that Reiss was liable for "anything that results in the defeat of her recovery on either one of said policies," etc. Moving

---

1. Peters v. Standard Oil Co. of Texas, 5 Cir., 174 F.2d 162, 163, was not, strictly speaking, a suit under the Texas Trespass to Try Title Statute. Neither is it in point here, because the question there was on the proper alignment of Lindsey named as a defendant but aligned by the Court as a plaintiff.

2. Section 1441, Title 28, U.S.C.A., is as follows, 1441(c) being italicized:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"(c) *Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.*"

under Section 1441(c), American and Lumbermens removed the case into a United States District Court, and it finally found its way into the Supreme Court of the United States, where it was held that it was improperly removed. The Supreme Court, after discussing and referring to numerous cases, said (italics mine):

"Considering the previous history of 'separable controversy' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C. § 1441(c), 28 U.S.C.A. § 1441(c), we conclude that *where there is a single wrong to plaintiff, for which relief is sought,* arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

Here plaintiffs have alleged a *single* wrong. They say that they were on December 5, 1952, the owners and in possession of the land involved in the suit, and I quote:

"On the date aforesaid Plaintiffs were and still are the owners in fee simple of the property described above, and were entitled to the possession thereof and were in possession thereof; that the Defendants unlawfully entered upon such property and dispossessed Plaintiffs thereof and withhold from Plaintiffs the possession of same, to Plaintiffs' damage in the sum of $500.00."

There is no substantial difference between the nature of the *single wrong* for which Finn sought relief and the *single wrong* for which plaintiffs here seek relief.[3] Support is found for this view in the unreported opinion of Judge Allred sitting in the Eastern District of Texas, in House v. Kirby Lumber Corporation, 113 F.Supp. 322.

It was held in the Finn case that it was not removable by American and Lumbermens under Section 1441(c), and I think it follows that this case is not removable by

defendants (other than Stautberg), and that it should be remanded to the State Court.

2: I do not determine whether an interest in the land in suit was conveyed by plaintiffs, or some of them, to William Wallace, a citizen of Colorado, and whether Wallace was made a plaintiff in this case for the "sole and only purpose of depriving this Court of jurisdiction," etc. Even if that be true, there is still presented the question of whether the case is removable under Section 1441(c), since there is not diversity of citizenship between defendant Stautberg and plaintiffs Delany, Markwell, Stubbs and Mecom.

Let Order be drawn and presented, remanding the case to the State Court.

---

3. I find nothing contrary to this view in Bentley v. Halliburton Oil Well Cementing Co., 5 Cir.; 174 F.2d 788, which defendants cite.