Eugene D. ROSEN; Leonard Rosen, Trustee; J. S. Rozan, Trustee; Robert L. Wise and Bernice Wise, his wife; Norma R. Rosen; and Aloys P. Schmaltz and Rosemary Schmaltz, his wife, Plaintiffs,

v.

Alice F. ROZAN, Defendant.

Civ. A. No. 245.

United States District Court
D. Montana,
Billings Division.

Dec. 17, 1959.

Rehearing Denied Jan. 28, 1960.

Raymond Hildebrand, Glendive, Mont., E. J. McIlraith, Minot, N. D., for plaintiffs.

Bjella, Jestrab & Neff, Williston, N. D., Kelly & Carr, Miles City, Mont., for defendant.

JAMESON, District Judge.

Plaintiffs instituted an action in state court to quiet title to undivided fractions of minerals in lands in Fallon County, Montana. The complaint contains six causes of action. Each cause of action alleges, "That each and all of the plaintiffs above named are tenants in common to the lands and estates hereinafter described." In each cause of action it is alleged that the particular plaintiff "is the owner in fee simple of an undivided (specifying the percentage) interest in all oil, gas and other minerals in, under and to" the lands.

Leonard Rosen, trustee, one of the plaintiffs, and defendant are residents and citizens of California. The other plaintiffs are residents and citizens of other states.

■ Defendant removed to federal court, and plaintiffs seek to remand on the grounds, among others, (1) that there is no diversity of citizenship between all of the plaintiffs and the defendant, and (2) there is no separate and independent controversy or cause of action between Leonard Rosen, trustee, and defendant.

Defendant contends that the controversies between the other plaintiffs and the defendant are separate and independent from the controversy between Leonard Rosen, trustee, and the defendant, within the meaning of 28 U.S. C.A. § 1441(c), which reads:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction. June 25, 1948, c. 646, 62 Stat. 937." [1]

■ In determining whether an action involves "a separate and independent claim or cause of action", the allegations of plaintiffs' complaint ordinarily are controlling.[2] The complaint alleges

1. For discussion of distinction between § 1441(c) and section 71 of Title 28 U.S. C.A. 1940 Ed. see reviser's notes to § 1441, Title 28 U.S.C.A.

2. See American Fire & Casualty Co. v. Finn, 1950, 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702; 76 C.J.S. Removal of Causes § 156, p. 1031, and cases there cited.

that the plaintiffs are tenants in common in the ownership of certain minerals, specifying the percentage owned by each co-tenant. The total of the percentages specified in the six causes of action is 155/320ths. An affidavit of counsel for the plaintiff in support of the motion to remand recites that on June 15, 1954, M. M. Rozan conveyed 160/320ths interest in the minerals to the plaintiff Eugene D. Rosen; that thereafter by separate mineral deeds Eugene D. Rosen conveyed portions to the various plaintiffs, except the plaintiff Norma R. Rosen, and to one J. Robert Iovino, who thereafter conveyed that portion to Norma R. Rosen; that each of the plaintiffs has retained ownership of an undivided portion of the minerals so conveyed; and that the acquisition of the mineral interests by the plaintiffs was through the same transaction or series of transactions.[3]

■ Local law governs with respect to the plaintiffs' substantive rights.[4] Under the Montana law, "An interest in common is one owned by several persons, not in joint ownership or partnership." R.C.M.1947, § 67–312. "Every interest created in favor of several persons in their own right, including husband and wife, is an interest in common, unless acquired by them in partnership, for partnership purposes, or unless declared in its creation to be a joint interest, * * *." R.C.M.1947, § 67–313.

In considering the rights of tenants in common in Rodda v. Best, 1923, 68 Mont. 205, 218, 217 P. 669, 673, the Supreme Court of Montana said: "Tenants in common are equally entitled to the use, benefit, and possession of the common property and may exercise acts of ownership in regard thereto, the limitation being that they are bound to so exercise their rights in the property as not to interfere with the rights of their cotenants. (38 Cyc. 17.)" And in Nadeau v. Texas Company, 1937, 104 Mont. 558, 567, 69 P.2d 586, 591, 111 A.L.R. 874, the court said: "A cotenant, in prosecuting or defending actions concerning the common property, may treat the same as his own as against everyone except his cotenant." (Citing cases) [5]

Section 93–2818, R.C.M.1947, provides that two or more persons claiming an estate or interest in lands under a common source of title, whether holding as tenants in common, joint tenants, or in severalty, may unite in an action against any person claiming an adverse interest or estate therein.

The leading case construing 28 U.S.C.A. § 1441(c) is American Fire & Casualty Co. v. Finn, 1950, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. Finn, a citizen of Texas, brought an action to recov-

3. An affidavit of counsel for defendant recites that "the facts relating to the purchases of the defendants (plaintiffs) other than Eugene D. Rosen and Norma R. Rosen are different as to each of the plaintiffs and that each of the plaintiffs claim a separate and undivided interest as a tenant in common * * *." Paragraph 8 of the first counterclaim alleges wrongful conveyances of the property in question and other properties to the plaintiffs Eugene D. Rosen or Norma R. Rosen; paragraph 15 alleges that subject to defendant's rights, Maxwell M. Rozan is still the actual owner of the property and that Eugene D. Rosen is actually holding title thereto in trust for him; and paragraph 17 alleges that the other plaintiffs are not purchasers in good faith and for value. The prayer

seeks judgment determining that defendant is the owner in fee simple; that Eugene D. Rosen and Norma R. Rosen be required to account to defendant for these and other properties; and that all conveyances made by Eugene D. Rosen or Norma R. Rosen to any of the other plaintiffs be decreed null and void. While the counter-claims may allege separate and independent claims as to the plaintiffs Eugene D. Rosen and Norma R. Rosen, it would appear that the issues affecting title to the lands in question, raised by the complaint and answer, are the same with respect to all of the plaintiffs.

4. Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 1949, 174 F.2d 788, 791.

5. See also 86 C.J.S. Tenancy in Common § 4, p. 363.

er for a loss by fire, naming as defendants two foreign insurance companies and one Reiss, a resident agent of both companies in Texas. Plaintiff alleged that one of the insurance companies was liable under a policy of insurance it had issued, or, in the alternative, that the other insurance company was liable under its policy. As a third alternative she sued all three defendants, alleging that all of them were liable "for 'anything that results in the defeat of her recovery on either one of said policies.'" In holding that there was a single wrong and that the cause should have been remanded, the Court said in part:

"A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. Compare Barney v. Latham, 103 U.S. 205, 212, 26 L.Ed. 514, with the revised § 1441. Congress has authorized removal now under § 1441(c) only when there is a separate and independent claim or cause of action. Of course, 'separate cause of action' restricts removal more than 'separable controversy.' In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal.

6. The Court said further:
"The effectiveness of the restrictive policy of Congress against removal depends upon the meaning ascribed to 'separate and independent * * * cause of action.' § 1441. Although 'controversy' and 'cause of action' are treated as synonymous by the courts in situations where the present considerations are absent, here it is obvious different concepts are involved. We are not unmindful that the phrase 'cause of action' has many meanings. To accomplish its pur-

\* \* \* \* \* \*

"The past history of removal of 'separable' controversies, the effort of Congress to create a surer test, and the intention of Congress to restrict the right of removal leads us to the conclusion that separate and independent causes of action are not stated. The facts in each portion of the complaint involve Reiss, the damage comes from a single incident. The allegations in which Reiss is a defendant involve substantially the same facts and transactions as do the allegations in the first portion of the complaint against the foreign insurance companies. It cannot be said that there are separate and independent claims for relief as § 1441(c) requires. Therefore, we conclude there was no right to removal." 341 U.S. at pages 11, 12, and 16, 71 S.Ct. at pages 538, 539, 541.[6]

Delany v. Stautberg, 1953, D.C.S.D. Tex., 112 F.Supp. 654, 656, was an action to recover title and possession of lands in Texas. Plaintiffs alleged that they were the owners in fee and entitled to possession and that the defendants wrongfully entered upon the property and dispossessed plaintiffs. In following American Fire & Casualty Company v. Finn, supra, the court said in part: "There is no substantial difference between the nature of the single wrong for which Finn sought relief and the single wrong for which plaintiffs here seek relief." [7]

Under § 1441(c) the right of removal in an action to quiet title, as in

pose of limiting and simplifying removal, Congress used the phrase 'cause of action' in an accepted meaning to obtain that result. By interpretation we should not defeat that purpose." 341 U.S. at page 12, 71 S.Ct. at page 539.

7. For further discussion of the meaning of "separate and independent claim or cause of action", see Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 1951, 188 F.2d 902; Snow v. Powell, 10 Cir., 1951, 189 F.2d 172; Schoneweather v. L. F. Richardson, Inc., D.C.W.D.Mo.1954, 122 F.Supp. 692.

other actions, depends upon the existence of a "separate and independent claim or cause of action." In a quiet title action a primary test is whether the parties, either plaintiff or defendant, claim under a common right or through a common source.[8] Moreover, a "separate and independent claim or cause of action" does not exist merely because it can be presented without the presence or joinder of any other party.[9] It is true that a suit would lie on behalf of any one or more of the plaintiffs here. In that sense the claims are "separate". In order to justify removal, however, they must also be "independent" of the claims of the other plaintiffs.[10]

Defendant relies primarily upon Evangelical Lutheran Church v. Stanolind Oil & Gas Co., 8 Cir., 1958, 251 F.2d 412, 415. There the plaintiff instituted two actions to quiet title, which were consolidated for trial. Two foreign corporations appeared, one in each case, seeking construction of oil and gas leases. No other defendants appeared. The replies of the plaintiff disclosed that the two defendants "had an interest in the land which should not be declared null and void, but it was asked that the contracts out of which the interests arose be construed." In upholding the trial court's denial of a motion to remand, the court said in part: "The controversies between these parties involved only contract construction—something separate and independent from anything else in the actions. Such controversies could be determined between plaintiff and these two defendants without the presence, in any form, of the other named defendants." 251 F.2d at page 415. This case, in my opinion, is clearly distinguishable.

The same is true of Bonner v. Smith, D.C.E.D.Okl.1953, 114 F.Supp. 895, 898, where resident defendants were joined "for the sole purpose of barring any claim of lien for unpaid ad valorem and, inheritance taxes," while the nonresident defendants apparently claimed title through a common origin. The court there said in part:

"* * * Thus, in the instant case, the plaintiffs could bring an action against the different resident lienholders without joining the nonresident defendants who make a claim to title from a common origin; or conversely, the plaintiffs could bring suit against the nonresident title claiming defendants without joining the resident lienholders. Either cause could be prosecuted to completion and result in the quieting of title between the parties, although of course without prejudice to the rights of the claimants not made parties to the suit. * *

* * * * * *

"* * * There is no assertion that the resident and removing nonresident defendants claim title jointly or under one common source; although all claims of defendants are adverse to plaintiff such claims are also diverse and adverse between and among the separate classes of defendants." 114 F.Supp. at pages 896, 897.

The court held, it is true, that in a quiet title action the merchantability of plaintiff's title does not in itself constitute a single issue for controversy, and there is language which supports defendant's contention here. On the other hand, the court makes it clear that the parties did not claim under a common right or source of title.[11]

---

8. See 76 C.J.S. Removal of Causes § 162, p. 1036, and cases there cited.

9. See Pullman Co. v. Jenkins, 1938, 305 U.S. 534, 538, 59 S.Ct. 347, 83 L.Ed. 334; Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 1949, 174 F.2d 788, 791; Butler Mfg. Co. v. Wallace &

Tiernan Sales Corp., D.C.W.D.Mo.1949, 82 F.Supp. 635, 637–638.

10. See concurring opinion of Judge Goodrich in Mayflower Industries v. Thor Corp., 3 Cir., 1950, 184 F.2d 537, 541.

11. The same is true of the other cases cited in Evangelical Luthern Church v.

It is true, as defendant argues, that plaintiffs allege their claims as six separate causes of action. In my opinion this is immaterial, unless it appears from the complaint that the claims are in fact both "separate" and "independent". In a well considered opinion discussing the tests of separate and independent claims, in Willoughby v. Sinclair Oil & Gas Co., 188 F.2d 902, 905, Judge Murrah said in part:

> * * * "In his Commentaries on the Revised Code, Professor Moore would have us use the terms 'claim' and 'cause of action' synonymously and in the same broad sense in which the word 'claim' is used in the Federal Rules of Civil Procedure, i. e., as a short and plain statement showing that the pleader is entitled to relief in any form grantable by the court. The claim may be stated in the alternative, hypothetical or conditional, either in one or separate counts. See Rules 8(a, e), 10(b) and 54(c), F.R.C.P. In other words, 'to denote the aggregate of operative facts which give rise to a right enforceable in the courts.' (Citing cases)."

Moreover, "In deciding under what circumstances two claims combined in one suit are 'separate and independent' so that the domestic controversy does not impair the removability of the entire litigation from a state court to a court of the United States, it is proper to consider the ends to be achieved by removal of the one claim which standing alone is removable." Mayflower Industries v. Thor Corp., 3 Cir., 1950, 184 F.2d 537, 539. It is alleged here that the plaintiffs are tenants in common in the ownership of minerals of a certain tract of land. The same issues of fact and law are involved in determining the rights of each plaintiff. A determination of those issues as to one plaintiff will affect all plaintiffs alike.[12] It is my conclusion that the claims alleged in the complaint are not independent of each other within the meaning of § 1441(c).

In view of this conclusion, it is unnecessary to consider the other questions raised by plaintiffs in their motion to remand. The motion to remand is granted.

Stanolind Oil & Gas Company, supra, and Bonner v. Smith, supra. Moreover, most of them were decided prior to the enactment of § 1441(c).

12. See also Cantrell v. Benefit Ass'n of Railway Employees, Mont., 348 P.2d 345, where the court said: "Here there is but one cause of action, viz., the existence of or nonexistence of the group insurance contract in May, 1953. That affected all the parties plaintiff and the defendant. The fact that the contract gave rise to different claims to each plaintiff did not make of it several causes of action, but if so, they were properly joined under section 93-3203 (R.C.M. 1947, § 93-3203) since they affected all parties." 16 St.Rep. 788, 793.